**John M. PANAGOPOULOS et al.,**
**Petitioners,**

v.

**IMMIGRATION AND NATURALIZA·**
**TION SERVICE, Respondent.**

**Rocco D'ALESSIO et al., Petitioners,**

v.

**IMMIGRATION AND NATURALIZA·**
**TION SERVICE, Respondent.**

**Nos. 7677, 7678.**

United States Court of Appeals,
First Circuit.

Nov. 12, 1970.

Samuel A. Bithoney, Boston, Mass., on petitions to review.

Herbert F. Travers, Jr., U. S. Atty., and Willie J. Davis, Asst. U. S. Atty., on motions for summary action.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

In these two cases the Immigration and Naturalization Service, in response to petitions for review filed pursuant to 8 U.S.C. § 1105a, has moved for summary judgments of dismissal under Local Rule 6. The petitioners, in each instance husband and wife, are, concededly, foreign nationals who have overstayed their limited visas. All had admitted deportability in INS hearings. Both petitions were filed after the INS had issued orders, after final hearings, that petitioners report to the airport for return to their countries of origin. Under the statute the orders were thereby automatically suspended. 8 U.S.C. § 1105a (a) (3).

At a prehearing conference held pursuant to F.R.A.P. 33 petitioners' counsel was requested to amplify the basis of the

claims, which had been expressed, generally, by the simple conclusory allegation that petitioners had not received "fair and impartial" hearings. His reply principally took the form that even though the INS's denial of the collateral relief requested [1] was within its discretion, and there had been no abuse, petitioners could ask the court to make its own resolution, and could introduce new evidence, and even new claims, to support a new result. He asserted failure to grant "fair and impartial" hearings only as meaning that the result was wrong.[2]

Petitioners' position must be held patently frivolous. With respect to de novo consideration, or new evidence to support old claims, section 106(a) (4) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a) (4), states the opposite in the clearest of terms. Except where citizenship is disputed, "the petition shall be determined solely upon the administrative record upon which the deportation order is based and the Attorney General's findings of fact, if supported by reasonable, substantial, and probative evidence on the record considered as a whole, shall be conclusive."

■ Petitioners' attempts to raise totally new issues are flatly countered by section 106(c), 8 U.S.C. § 1105a(c). We need not decide whether this section is intended to waive defenses to deportation not raised at the administrative level, or merely limits our hearing the matter in the first instance, allowing us to remand to the INS. Here no valid reason is presented why the new defenses were not raised previously, and we will not, in this circumstance, order the INS to reopen in order to hear them.[3]

■ Following the Rule 33 conference petitioners' counsel was requested to submit a brief. He has done so. The brief contains fifteen citations. No single one suggests that these petitioners are entitled to de novo consideration. While section 1105a has been read sufficiently broadly to give the courts of appeals jurisdiction over orders concerning requested discretionary relief made in deportation proceedings, not only is the court limited to the administrative record, but in such instance the only review is to discover an abuse of discretion. Foti v. Immigration and Naturalization Service, 1963, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281.

The motions for summary judgment of dismissal must be granted; mandates to issue forthwith.

■ One final matter. In the case of petitioner Lucia D'Alessio lack of merit in the claim was fully and finally adjudicated by this court in an earlier proceeding. In addition, counsel had been expressly warned in the order in another proceeding of the seriousness of filing frivolous petitions under this statute. The ordinary frivolous case merely consumes time, and inconveniences the opposite party and the court.[4] A frivolous

---

1. Petitioners, persons of no apparent political prominence, allegedly fear political hardship because of Communist control in their home countries of Italy and Greece (sic). Because of this, petitioners want their deportation delayed.

2. In No. 7677 there had not even been an issue to be wrong about, counsel conceding that no evidence whatever was introduced before the INS to show political hardship, and that the only question in the INS proceeding had been a request for voluntary departure, which had been granted.

3. Petitioners in No. 7678 allegedly have a separate petition pending, granting of which would make them eligible for permanent resident status. Even aside from the exhaustion problem, we have no jurisdiction over such separate proceedings and could not order the petition granted. Cheng Fan Kwok v. Immigration and Naturalization Service, 1968, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037. In the light of the delays and frivolity chargeable to these petitioners we do not concern ourselves with the possibility of ordering further delay simply to wait for the INS action, which may or may not be favorable.

4. We do not minimize even this. See F.R.A.P. 38; NLRB v. Smith & Wesson, 1 Cir., 1970, 424 F.2d 1072 (respondent taxed, in effect, with counsel fees).

petition to review a deportation order stays the entire deportation procedure and affords immediate relief regardless of the insubstantiality of the claim. In the light of this warning, and possibly even without such caution, considering the total clarity of the statute, it may be that counsel deliberately intended to abuse the process of this court in order to obtain an undeserved benefit for one or all of his clients. We refer this question to the U. S. Attorney to institute disciplinary proceedings if he believes it appropriate.