Graciela ACEVEDO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 843, Docket 75–4246.

United States Court of Appeals, Second Circuit.

Argued April 8, 1976.

Decided April 29, 1976.

Claude Henry Kleefield, New York City, for petitioner.

Dennis Young, Jr., Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Thomas H. Belote, Sp. Asst. U. S. Atty., New York City, of counsel), for respondent.

Before FRIENDLY, MANSFIELD and MULLIGAN, Circuit Judges.

PER CURIAM:

From time to time we are asked by aliens to set aside deportation orders on grounds that appear to have little merit. The filing of a petition for review in such a case may raise the suspicion that the petitioner is motivated more by the automatic stay of deportation granted by Title 8 U.S.C. § 1105a(a)(3) pending such review than by the expectation of success. Nevertheless our duty requires us carefully to consider the questions raised by each such petition for review, particularly in view of the personal hardships to the petitioner that might be caused by deportation. Upon discovering any abuse of discretion or denial of constitutional rights we have been quick to grant prompt relief. See, e. g., *Francis v. I. N. S.*, 532 F.2d 268 (2d Cir. 1976) (Dkt. No. 74–2245); *Lennon v. I. N. S.*, 527 F.2d 187 (2d Cir. 1975).

Notwithstanding this background of solicitude for the interest of aliens under order of deportation, we find the present petition for review to be so utterly frivolous and completely lacking in any merit as to permit but one conclusion: that it was interposed solely as a delaying tactic by counsel who was well aware of its meritlessness. Accordingly, in denying the petition we have decided to assess double costs, to be taxed personally against the attorney for the petitioner.

On April 25, 1975, after notice and a hearing at which she was represented by her present counsel, petitioner was found deportable for overstaying a visitor's visa which expired more than five years previously. As an alternative to deportation, the Immigration Judge ("IJ") granted petitioner's application for the privilege of departing from the United States voluntarily by July 24, 1975. Petitioner did not appeal from his decision, which accordingly became final. See 8 C.F.R. § 242.20.

One day before the expiration of the period allowed for voluntary departure petitioner, represented by the same counsel, moved to reopen the deportation proceedings to apply for suspension of deportation under 8 U.S.C. § 1254(a)(1), which allows a deportable alien's status to be changed to that of a lawful permanent resident if (1) the alien has lived continuously in the country for seven years, (2) the alien is of good moral character, and (3) her deportation would cause "extreme hardship" to her or to her parent, child, or spouse, who is a United States citizen or lawful permanent resident. In support of her motion, petitioner submitted only basic data about her nationality, a possible marriage to a U. S.

citizen from whom she is now separated,[1] and two conclusory affidavits testifying to her good moral character. On August 19, 1975, the IJ denied the motion to reopen the proceedings on the grounds that petitioner had not been in the country for the required seven years and had failed to indicate that she could show any evidence of extreme hardship resulting from her deportation.

This decision was appealed to the Board of Immigration Appeals. Petitioner's appeal noted only that she would have spent seven years in the United States by September 3, 1975, and that "[h]ardship evidence will be submitted at hearing." On October 7, 1975, the Board affirmed the IJ's decision on the ground that even though petitioner had now lived in the country for seven years as required, she had still failed to make any prima facie showing that she or a relative would suffer extreme hardship from the deportation. On November 12, 1975, two days after the date set for her deportation, counsel filed the present petition for review of the Board's decision in her behalf. Since then petitioner has enjoyed the automatic stay of deportation pending review granted by 8 U.S.C. § 1105a(a)(3).

█ The petition for review is totally barren of any merit whatsoever. An alien who seeks to reopen deportation proceedings must support his motion with "affidavits or other evidentiary material" and show that the evidence sought to be offered was not available at the time of the original hearing. 8 C.F.R. §§ 103.5, 242.22. A mere blanket motion, unaccompanied by such an offer of proof, obviously does not meet this requirement or call for reopening of deportation proceedings. " '[I]f such were the law, all deportations could be permanently frustrated by the mere filing of successive petitions to reopen.' " *Cheng Kai Fu v. I.N.S.,* 386 F.2d 750, 753 (2d Cir. 1967), *cert. denied,* 390 U.S. 1003, 88 S.Ct. 1247, 20 L.Ed.2d 104 (1968), quoting *Lam Leung*

*Kam v. Esperdy,* 274 F.Supp. 485, 488 (S.D. N.Y.1967).

█ When an alien has already had one full deportation hearing, with all the procedural rights accompanying it, as the present petitioner has had, he or she may have it reopened only upon a showing of significant new evidence. Here the petitioner made no showing at all. Her motion to reopen and her subsequent appeal to the Board merely stated that she might produce some unspecified evidence of the requisite extreme hardship at a reopened hearing. The nature of this evidence was never explained. Indeed, her moving papers provided no reason to believe that such evidence actually existed. There was no explanation of why this evidence, if it did exist, was not previously offered. On her petition to this court petitioner merely offered to show that she was injured in an automobile accident a year ago and returned to work shortly thereafter. The I.N.S. did not abuse its discretion in refusing to reopen the deportation proceedings on such a blanket demand; on the contrary, it would have been derelict in its duty if it had done otherwise.

The complete unsubstantiality of the petition indicates that it was not filed in good faith, but only as a tactic to delay further the deportation to which petitioner was found subject nearly a year ago. Such abuse of the judicial process is always a matter of concern, and especially so in the immigration field, where the effect is to give the deportable alien the benefit of continued residence in the United States without even a colorable basis to claim it. See *Panagopoulos v. I. N. S.,* 434 F.2d 602, 603–04 (1st Cir. 1970). Ready as we are to protect and enforce the alien's rights, we must be equally willing to employ lawful sanctions as a means of preventing needless waste of the court's time and resources. See *Fluoro Electric Corp. v. Branford Associates,* 489 F.2d 320, 326 (2d Cir. 1973). This

---

1. There is evidence in the administrative record that this marriage was undertaken fraudulently for the purpose of helping petitioner to become a legal resident of the United States. That issue is not before us on the present petition, but since petitioner does not even know the present whereabouts of her citizen husband, it is evident that she cannot claim her deportation would cause him extreme hardship.

case leaves no doubt that the assessment of double costs pursuant to 28 U.S.C. § 1912 and F.R.A.P. 38 [2] is most appropriate. Accordingly, we grant the government's motion to assess double costs.

While the double costs would ordinarily be assessed against the petitioner, we believe that in this case it is fitting that they be assessed against petitioner's counsel personally, pursuant to 28 U.S.C. § 1927. It appears highly unlikely that petitioner would be able to satisfy the costs. More important, it is even less likely that petitioner, a native of El Salvador apparently with modest education, was responsible in any meaningful sense for prosecuting this frivolous petition. While she is no doubt grateful for the continued residence in the United States which the petition has afforded her, there is no evidence that she has any reason to realize that this boon was due to an abuse of the proceedings for judicial review, rather than to the litigation of a claim of some merit. In sum, a careful review of the entire history of this case, both before the agency and before this court, leaves us with the firm conviction that it is petitioner's attorney who is responsible for the unreasonable prolongation of this litigation, and who is accordingly the proper person against whom to assess the double costs.

Our assessment of costs against counsel is made with full awareness that his professional duty is to "represent his client zealously," Canon EC 7–1, *Code of Professional Responsibility,* but that obligation is limited to representation "within the bounds of the law," *id.,* and Canon EC 7–4 specifically recognizes that the obligation does not justify the assertion of frivolous positions in litigation. Similar conduct in the prosecution of frivolous immigration appeals has been dealt with much more harshly by the First Circuit, which has taken disciplinary action against counsel, resulting in a fine and suspension. See *In re Bithoney,* 486 F.2d 319 (1st Cir. 1973).

The petition for review is denied. Double costs are assessed against counsel for the petitioner.

---

2. F.R.A.P. 20 makes Rule 38 applicable to petitions for review of decisions by the Board of Immigration Appeals.