629 F.2d 987
 Manjula GHOSH, Petitioner,
v.
ATTORNEY GENERAL of the United States and Wallace Gray,
District Director, Immigration and Naturalization
Service, Respondents.
Brenda R. MORGAN et al, Appellants,
v.
ATTORNEY GENERAL of the United States et al, Appellees.
 Nos. 78-1760, 79-1077.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 11, 1980.
Decided Sept. 25, 1980.
 
 David A. Jones, Washington, D. C. (Paul S. Allen, Washington, D. C., on brief), for petitioner.
 Robert Kendall, Jr., Dept. of Justice, Washington, D. C. (James P. Morris, Dept. of Justice, Washington, D. C., on brief), for respondents.
 Before RUSSELL and WIDENER, Circuit Judges, and STAKER, District Judge.*
 WIDENER, Circuit Judge:
 
 
 1
 Petitioner, Manjula Ghosh, seeks review of an order of the Board of Immigration Appeals denying her motion to reopen deportation proceedings. She also appeals an order of the district court dismissing her complaint for declaratory judgment. The cases have been consolidated for argument.
 
 
 2
 The petitioner entered the United States in May 1975 as a non-immigrant temporary visitor for pleasure, and should have left the United States by August 31, 1975. Instead, on September 4, 1975, she applied for a change of status to that of a student. The Immigration and Naturalization Service (hereinafter the Service) denied her application, ordered her to depart from the United States by May 2, 1977, and then extended the departure date to July 18, 1977. The Service dismissed petitioner's appeal of this decision. Petitioner did not depart but, represented by new counsel, submitted a motion to reopen and reconsider the denial of her application for a change of status. The Service denied this motion and, on February 1, 1978, issued petitioner an order to show cause why she should not be deported. After a hearing, an Immigration Judge determined, on the basis of petitioner's admissions, that she was deportable. In lieu of deportation, petitioner was granted the privilege of departing the United States voluntarily by June 16, 1978. Petitioner's subsequent application for 90 days' extension of her departure date was denied, but the Service granted her a new departure date of July 10, 1978. On August 25, the Service issued a Warrant of Deportation and ordered petitioner to depart on September 5. Petitioner requested 30 days' extension of that departure date, but on September 1 the Service denied that request.
 
 
 3
 On or about September 15, petitioner submitted a motion to reopen the original deportation proceedings. In support of that motion, petitioner submitted a petition for sixth preference status as a general houseworker and an application for adjustment of status from non-immigrant to a permanent resident but no proffer of any additional evidence. On October 6, the Immigration Judge denied that motion. In this proceeding, petitioner challenges the denial of that motion. The Board of Immigration Appeals dismissed the appeal.
 
 
 4
 Meanwhile, a petition was submitted on behalf of petitioner seeking third preference status as a general houseworker, pursuant to 8 U.S.C. § 1153(a)(3). Petitioner also applied for a stay of deportation. The Service denied the petition to classify preference status on October 11 and denied the application for a stay of deportation on October 12, 1978.
 
 
 5
 While all this was going on, petitioner filed a complaint in the district court seeking declaratory judgment and review under the Administrative Procedure Act. On October 2, 1978, the district court issued an order staying petitioner's deportation pending a hearing. On October 27, 1978, the district court dissolved its order staying deportation and dismissed the complaint. In this proceeding, petitioner also appeals from that dismissal.
 
 
 6
 Review by a court of appeals of an order denying a motion to reopen deportation proceedings is limited to determining whether the order was an abuse of discretion. E.g. Hibbert v. INS, 554 F.2d 17, 21 (2d Cir. 1977); Yee Dai Shek v. INS, 541 F.2d 1067, 1069 (4th Cir. 1976). In this case the Immigration Judge denied the motion to reopen because "the motion does not comply fully with the provisions of 8 C.F.R. 242.22 and 8 C.F.R. 103.5. There are no affidavits attached, nor is there any mention made of what is to be proven at the reopened deportation hearing. . . ." The relevant portion of 8 C.F.R. § 103.5 states:
 
 
 7
 A motion to reopen shall state the new facts to be proved and shall be supported by affidavits or other evidentiary material.
 
 
 8
 The pertinent part of 8 C.F.R. § 242.22 reads:
 
 
 9
 A motion to reopen will not be granted unless the special inquiry officer is satisfied that evidence sought to be offered is material and was not available and could not have been discovered or presented at the hearing; . . .
 
 
 10
 Clearly, an alien who seeks to reopen deportation proceedings must support the motion with affidavits or other evidentiary material, and must show that the evidence was not available at the time of the original hearing. A blanket motion unaccompanied by such an offer of proof does not meet the standard. Acevedo v. INS, 538 F.2d 918, 920 (2d Cir. 1976). It is not an abuse of discretion to deny a motion to reopen deportation proceedings when the motion is not supported by proper affidavits or other evidentiary material. Acevedo, 538 F.2d at 920; Gena v. INS, 424 F.2d 227 (5th Cir. 1970); Luna-Benalcazon v. INS, 414 F.2d 254 (6th Cir. 1969). We find no abuse in the discretion of the Immigration Judge in denying the motion to reopen or in the Board's dismissal of petitioner's appeal, and accordingly the petition for review is denied.
 
 
 11
 In passing, we note that, although the principal oral argument of petitioner was that the transcript of her deportation hearing is missing because of mechanical failure of the recording device, she no more has presented to us what favorable information that transcript may contain than she gave to the Service the facts which she sought to prove in the requested and denied reopened hearing.
 
 
 12
 The judgment of the district court dismissing the complaint filed there is affirmed for the reasons stated by the district court in its oral opinion.
 
 
 13
 We think the other assignments of error are without merit.
 
 
 14
 Accordingly, the petition for review is denied, and the order appealed from is
 
 
 15
 AFFIRMED.
 
 
 
 *
 United States District Court, Huntington, West Virginia, sitting by designation