Leonard COHEN, Etc.,
Plaintiff–Appellant,

v.

Marilyn HARTMAN et al.,
Defendants–Appellees.

No. 80–5584
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit B

Jan. 16, 1981.

Rehearing Denied Feb. 10, 1981.

Joseph S. Paglino, Miami, Fla., for plaintiff–appellant.

Jerry B. Schreiber, Miami, Fla., for defendants–appellees.

Before RONEY, FRANK M. JOHNSON, Jr. and HENDERSON, Circuit Judges.

PER CURIAM:

In this appeal from the dismissal of an action for tortious conversion, we hold that the allegedly wrongful actions by the appellees do not constitute a violation of the "law of nations" such as is necessary to meet the jurisdictional prerequisites of 28 U.S.C.A. § 1350 (1976). Accordingly, we affirm the judgment of the district court dismissing the appellant's complaint for lack of subject matter jurisdiction. *Cohen v. Hartman*, 490 F.Supp. 577 (S.D.Fla.1980).

On March 12, 1980, the appellant, a Canadian national residing in Florida, filed this suit in the United States District Court for the Southern District of Florida, Fort Lauderdale Division, based on the allegation that one of the appellees, also a Canadian national, while employed by the appellant in 1975, converted some $450,000.00 of the appellant's funds to his own use. The funds were purportedly transferred by that appellee to his wife, a codefendant. The complaint further states that the couple used the funds to purchase real property in Florida which was thereafter sold to the third defendant, a Netherlands Antilles corporation, Balart, Inc., N.V. The appellant contends that this series of transactions was intended to "sanitize" the embezzled money and insulate the ill-gotten gains from court action.

Originally, the appellant sought to invoke the jurisdiction of the district court pursuant to 28 U.S.C.A. § 1332 (1976). His complaint alleged only that the appellees were residents of Florida, however, and the court *sua sponte* dismissed the action for lack of subject matter diversity jurisdiction. The amended complaint predicated jurisdiction on 28 U.S.C.A. § 1350. That section reads:

The district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States.

28 U.S.C.A. § 1350 (1976).

The case does not fall within the subject matter jurisdiction of the federal courts because it is in no way based on a violation of the "law of nations." The standards by which nations regulate their dealings with one another *inter se* constitute the "law of nations." These standards include the rules of conduct which govern the affairs of this nation, acting in its national capacity, in relationships with any other nation. *Valanga v. Metropolitan Life Insurance Co.*, 259 F.Supp. 324 (E.D.Pa.1966). "[A] violation by one or more individuals of those standards, rules or customs (a) affecting the relationship between states or between an individual and a foreign state, and (b) used by those states for their common good and/or in dealings *inter se* " is a violation of the law of nations. *Lopes v. Reederei Richard Schroder*, 225 F.Supp. 292, 297 (E.D.Pa. 1963). Hence, the general consensus is that the law deals "primarily with the relationship among nations rather than among individuals." *Dreyfus v. Von Finck*, 534 F.2d 24, 30–31 (2d Cir.), *cert. denied*, 429 U.S. 835, 97 S.Ct. 102, 50 L.Ed.2d 101 (1976).

If a controversy existing between individuals neither involves internal relations nor impinges upon a nation's exercise of its sovereignty, jurisdiction will not lie under 28 U.S.C.A. § 1350. *See Benjamins v. British European Airways*, 572 F.2d 913 (2d Cir.1978), *cert. denied*, 439 U.S. 1114, 99 S.Ct. 1016, 59 L.Ed.2d 72 (1979); *Dreyfus v. Von Finck, supra; IIT v. Vencap, Ltd.*, 519 F.2d 1001 (2d Cir.1975); *Abiodun v. Martin Oil Service, Inc.*, 475 F.2d 142 (7th Cir.), *cert. denied*, 414 U.S. 866, 94 S.Ct. 57, 38 L.Ed.2d 86 (1973); *Akbar v. New York Magazine Co.*, 490 F.Supp. 60 (D.D.C.1980); *Valanga v. Metropolitan Life Insurance Co., supra; Lopes v. Reederei Richard Schroder, supra. Cf. Nguyen Da Yen v. Kissinger*, 528 F.2d 1194 (9th Cir.1975) (illegal removal of children from Vietnam by United States agencies may violate § 1350); *Abdul–Rahman Omar Adra v. Clift*, 195 F.Supp. 857 (D.Md.1961) (smuggling Lebanese child into

United States on Iraqi passport is an affront to Lebanese authority to issue passports for its nationals).  Thus, while every nation may have laws penalizing the tortious conversion of the property of another person, the rule against such conduct is no part of the "law of nations" and a cause of action based on violation of the rule does not satisfy the jurisdictional requirements of 28 U.S.C.A. § 1350.

The dismissal for lack of subject matter jurisdiction is

AFFIRMED.