**M.C. ZAPATA, Plaintiff-Appellant,**

v.

**John D. QUINN, Director, New York State Lottery and The State of New York, by Robert Abrams, Attorney General, Defendants-Appellees.**

**No. 1171, Docket 83–7046.**

United States Court of Appeals, Second Circuit.

Argued April 13, 1983.

Decided May 17, 1983.

Antonio C. Martinez, New York City, for plaintiff-appellant.

Florence E. Abrams, Asst. Atty. Gen., State of N.Y. (Robert Abrams, Atty. Gen., State of N.Y., George D. Zuckerman, Deputy Sol. Gen., New York City, of counsel), for defendants-appellees.

Before MANSFIELD, VAN GRAAFEI-LAND and FRIEDMAN,* Circuit Judges.

PER CURIAM:

This is an unusually frivolous civil rights action brought under 28 U.S.C. § 1350 and 42 U.S.C. § 1983 by the winner of $273,178 in the New York State Lottery against its director, claiming that New York regulations, which provide that the winnings will be paid partly in cash and the balance by way of an annuity over 10 years instead of in one lump sum, deprived her of property without due process of law. The winner,

Ms. M.C. Zapata, appeals from a judgment of the Southern District of New York, Robert W. Sweet, *Judge,* dismissing her complaint.

While visiting New York from Colombia, S.A., Ms. Zapata had the good fortune to win a lottery prize of $273,178 in a drawing held on January 19, 1980. New York regulations provide that a prize over $250,000 shall be paid in the form of $50,000 in cash and the balance by way of an annuity payable over a period of 10 years. 21 N.Y.C.R.R. § 2817.6(h). Each lottery ticket states that the purchaser agrees to abide by the New York State Lottery Rules and Regulations and that a copy of those rules may be obtained at any lottery office or by mail from Lotto Central. In accordance with these provisions Ms. Zapata was paid $50,-000 less tax in January 1980, approximately $34,000 (less tax) in February, 1981, and another $34,000 (less tax) in February, 1982.

We affirm the order of the district court substantially for the reasons stated by Judge Sweet in his opinion dated December 7, 1982. Jurisdiction is lacking under 28 U.S.C. § 1350 (the "alien tort" statute), which applies only to shockingly egregious violations of universally recognized principles of international law, see *Filartiga v. Pena-Irala,* 630 F.2d 876 (2d Cir.1980) (torture). In any event Ms. Zapata clearly fails to state, even by the wildest stretch of imagination, a claim upon which relief can be granted.

We affirm the judgment dismissing the complaint and in view of the complete frivolousness of the appeal and the unreasonable and vexatious multiplication of proceedings by appellant's attorney, we award double costs against appellant and her attorney, for which they will be jointly and severally liable. Fed.R.App.P. 38; 28 U.S.C. §§ 1912, 1927; *Acevedo v. Immigration and Naturalization Service,* 538 F.2d 918, 920–21 (2d Cir.1976).

* Of the United States Court of Appeals for the    Federal Circuit, sitting by designation.