958 F.2d 361
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Neville CAMERON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICES, Respondent.
 No. 91-2234.
 United States Court of Appeals, First Circuit.
 April 2, 1992
 
 Neville E.A. Cameron on Motion in Opposition thereto.
 Stuart M. Gerson, Assistant Attorney General, Robert Kendall, Jr., Assistant Director, and Charles E. Pazar, Office of Immigration Litigation, Civil Division, Department of Justice, on Motion to Summarily Dispose of Petition for Review.
 Before BREYER, Chief Judge, and SELYA and CYR, Circuit Judges.
 PER CURIAM.
 
 
 1
 The I.N.S. has moved for summary disposition of this petition for review of a deportation order entered after petitioner failed to appear for a hearing. We conclude the deportation order should be summarily affirmed.
 
 I.
 
 2
 In June 1989, petitioner was served with a notice to show cause why he should not be deported under 8 U.S.C. § 1251(a)(4) (1988) (authorizing deportation of an alien convicted of a crime of moral turpitude committed within five years after entry and sentenced to prison for a year or more). The notice alleged that petitioner had been convicted of burning a dwelling house and had been sentenced to five years in prison.
 
 
 3
 Initially, petitioner was represented by Attorney Stickney, whom he retained in March 1990. After three months, however, Attorney Stickney moved to withdraw stating that petitioner had failed to appear for appointments, answer phone messages, or respond to a certified letter requesting immediate contact. After several continuances, a hearing was scheduled for July 10, 1990. On that day, petitioner's lawyer, Attorney Visram, asked for a further continuance which was granted. At the next hearing (August 14, 1990), Attorney Visram appeared (petitioner did not) and moved to withdraw, stating that petitioner had failed to appear for appointments and had failed to appear for the present hearing despite promising to do so. Consequently, counsel was unable to represent him. Counsel was allowed to withdraw. The deportation hearing then proceeded in petitioner's absence. The government introduced documentation showing that petitioner had entered the country on October 26, 1982, that he had been convicted for burning a dwelling on October 17, 1987, and that he had received a five year sentence for the offense. The immigration judge concluded petitioner was deportable and ordered him deported to Jamaica.
 
 
 4
 Petitioner appealed to the Board of Immigration Appeals. He contended that he had not appeared at the August 14, 1990 hearing because of an ulcer attack, had notified Attorney Visram's secretary of the problem, had been assured by the secretary that Attorney Visram would appear and obtain a continuance, and had later spoken with Visram only to be told that Visram's refusal to represent petitioner was because of nonpayment of a bill.
 
 
 5
 The Board concluded that under the circumstances then present, the immigration judge had properly conducted the deportation hearing in absentia when petitioner failed to appear at the hearing. 8 U.S.C. § 1252(b) (if alien fails to attend a hearing without reasonable cause, the proceeding may be conducted in his absence). As for petitioner's new allegations of an ulcer attack and counsel malfeasance, the Board noted that petitioner could have moved to reopen the deportation proceeding in order to establish the alleged facts. A motion to reopen, however, must be "supported by affidavits or other documentary evidence." 8 C.F.R. § 103.5(a)(2).[1] The Board decided not to remand in order to permit petitioner to attempt to establish the alleged facts for two reasons. First, petitioner had not supported his allegations by affidavit or documentary evidence. Second, petitioner's credibility was suspect. The record disclosed complaints from not one but two separate counsel of petitioner's failure to cooperate. Petitioner's account of having spoken to counsel's secretary prior to the hearing directly contradicted counsel's statement at the hearing that counsel had been unable to communicate with petitioner. The Board dismissed petitioner's appeal.
 
 II.
 
 6
 Petitioner's two fold response in this court to the I.N.S.'s motion for summary disposition was to state that his petition for review was timely filed and to ask for more time for briefing in view of family problems and incarceration. He has failed to even hint, however, at any viable challenge to the deportation order, and we see none. The statutory and regulatory provisions are straightforward. The immigration judge was authorized to hold a deportation hearing in petitioner's absence, 8 U.S.C. § 1252(b), deportation was authorized under 8 U.S.C. § 1251(a)(4) (1988) on the evidence presented, and petitioner failed adequately to document reasonable cause for failure to attend the deportation hearing. Cf. Ghosh v. Attorney General, 629 F.2d 987, 989 (4th Cir. 1980) ("It is not an abuse of discretion to deny a motion to reopen deportation proceedings when the motion is not supported by proper affidavits or other evidentiary materials."). In these circumstances, we affirm the Board's order and deny petitioner's request for more time to respond.
 
 
 7
 Affirmed.
 
 
 
 [1]
 The regulation reads as follows:
 (2) Requirements for motion to reopen. A motion to reopen must - (i) State the new facts to be proved at the reopened proceedings, and (ii) Be supported by affidavits or other documentary evidence.