**Gerard MENDONCA**

v.

**TIDEWATER, INC.**

**No. CIV. A. 00–2284.**

United States District Court, E.D. Louisiana.

April 9, 2001.

Todd Charles Comeaux, Cave Law Firm, Craig Sterling Watson, Baton Rouge, LA, for Plaintiff.

Walter W. Christy, Heather A. Cross, Frilot, Partridge, Kohnke & Clements, LC, New Orleans, LA, Lynda L. Marshall, Paul, Fank & Collins, Burlington, VT, for Defendant.

## ORDER AND REASONS

BERRIGAN, District Judge.

This matter comes before the Court on motion to dismiss supplemental and amending complaint filed by the defendant Tidewater Marine, L.L.C. ("Tidewater"). Having reviewed the record, the memoranda of counsel and the law, the Court has determined that this motion should be granted for the following reasons.

In his supplemental and amending complaint, the plaintiff, Gerard Mendonca ("Mendonca") sets forth a fifth cause of action with regard to his termination from employment with the defendant. Mendonca bases this claim on the Alien Torts Statute, 28 U.S.C. § 1350 ("ATS").[1] In his opposition, the plaintiff lists four treaties as providing the basis of his ATS claim: The International Convention on the Elimination of All Forms of Racial Discrimination; The International Convention n Civil Rights, Indo–U.S. Convention Treaty for the Avoidance of Double Taxation and Prevention of Fiscal Evasion, and The Convention on Combating Bribery of Foreign Public Officials on International Business Transactions.[2] The additional facts set forth in this supplemental and amending complaint involve an allegation of a threat to Mendonca's car and subsequent damage, two alleged statements indicating work-related discrimination of Indians, an allegation that the defendant withheld the plaintiff and his family's passport for two months and an allegation that the plaintiff was compelled to submit false submissions and/or bribes regarding Indian taxes. (Rec.Doc. 20).

■ In order to have subject matter jurisdiction under the ATS, there must be: (1) an alien suing (2) for a tort (3) that was committed in violation of a treaty of the United States or the law of nations. *Beanal v. Freeport–McMoran, Inc.*, 197 F.3d 161, 164–165 (5th Cir.1999). Tidewater argues that even assuming that the first two conditions are met, and that Tidewater can be considered a "state actor," the third requirement can not be shown. In his opposition, the plaintiff argues that he is relying on the ATS for subject matter jurisdiction and not the individual treaties. "The treaties are provided to show the Court the Law of the Nations, international law and/or principals and/or treaties which would allow Mr. Mendonca's claim to be appropriate under the [ATS]." (Rec. Doc. 37). Therefore, the Court does not address the viability of any cause of action arising under the individual treaties listed, but turns to whether the plaintiff has claimed a violation of the "law of nations," as that term has been developed in the caselaw and may be reflected in the treaties.

---

1. The ATS provides: "The district court shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the Law of Nations or Treaty of the United States."

2. Two additional treaties are set forth in the complaint itself: The Convention for Protection of Human Rights and Fundamental Freedoms and American Convention on Human Rights. Neither of these treaties is discussed by the plaintiff in his opposition and are, apparently, abandoned by the plaintiff as a basis of his ATS claim.

■ "The standards by which nations regulate their dealings with one another *inter se* constitute the 'law of nations.' These standards include the rules of conduct which govern the affairs of this nation, acting in its national capacity, in relationships with any other nation." *Cohen v. Hartman,* 634 F.2d 318, 319 (5th Cir. 1981). A violation of the law of nations may involve a violation by individuals of standards, rules or customs affecting the relationship between states or between an individual and a foreign state where those standards, rules or customs are used by those states for their common good and/or in dealings inter se. *Id.* "Hence, the general consensus is that the law deals 'primarily with the relationship among nations rather than among individuals.'" *Id., quoting Dreyfus v. Von Finck,* 534 F.2d 24, 30–31 (2d Cir.), *cert. denied,* 429 U.S. 835, 97 S.Ct. 102, 50 L.Ed.2d 101 (1976). See also *Carmichael v. United Technologies Corp.,* 835 F.2d 109, 113 (5th Cir. 1988).

■ "The law of nations is defined by customary usage and clearly articulated principles of the international community" *Beanal v. Freeport–McMoran, Inc.,* 197 F.3d 161, 165 (5th Cir.1999). One method of determining the law of nations is consultation "of the work of jurists writing professedly on public law; or by the general usage and practice of nations; or by judicial decisions recognizing and enforcing that law." *Carmichael,* 835 F.2d at 113, *quoting United States v. Smith,* 18 U.S. (5 Wheat) 153, 160–161, 5 L.Ed. 57 (1820). The court should interpret international law as it has evolved and currently exists among nations. *Beanal,* 197 F.3d at 165.

■ Here, the plaintiff can cite no solid support for his claim that the conduct complained of rises to the level recognized by the law of nations. "It is only where the nations of the world have demonstrated that the wrong is of mutual and not merely several, concern, by means of express international accords, that a wrong generally recognized becomes an international law violation in the meaning of the [ATS]." *Beanal,* 197 F.3d at 167, *citing Filartiga v. Pena–Irala,* 630 F.2d 876, 888 (2d Cir.1980). It applies "'only to shockingly egregious violations of universally recognized principles of international law.'" *Beanal,* 197 F.3d at 167, *quoting Zapata v. Quinn,* 707 F.2d 691, 692 (2d Cir.1983) (per curiam). As in *Beanal,* the plaintiff has failed to show that the treaties cited "enjoy universal acceptance in the international community" or that the treaties refer to more than "a general sense of [ ] responsibility and state abstract rights or liberties devoid of articulable or discernable standards and regulations to identify practices that constitute international [ ] abuses or torts." *Id.*[3]

Accordingly, IT IS ORDERED that the motion to dismiss supplemental and amending complaint filed by the defendant Tidewater Marine, L.L.C. is GRANTED.

---

**3.** Recognized violations of the law of nations cognizable under the ATS have included official murder or summary execution, torture, kidnapping and abduction across international boundaries, prolonged or arbitrary detention, causing disappearance and genocide. James W. Moore, *Moore's Federal Practice* § 104.26[3] (3d Ed.2000).