**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 9 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

OLGA LIPILINA,

      Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

      Respondent.

No. 02-9550
(BIA No. A72-121-269)
(Petition for Review)

---

ORDER AND JUDGMENT *

---

Before **BRISCOE** and **McKAY** , Circuit Judges, and **BRORBY** , Senior Circuit
Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Olga Lipilina petitions for review of the Board of Immigration Appeals (BIA) decision denying her Motion to Reopen her removal proceedings. Lipilina's brief, however, does not allege that the BIA committed any errors in its decision; instead, Lipilina contends that the BIA erred in affirming the Immigration Judge's (IJ) denial of her original application for asylum. Lipilina failed to timely petition for review of that decision so this court does not have jurisdiction to review it. With regard to the Motion to Reopen, we review the BIA's decision for abuse of discretion. *See Osei v. INS*, 305 F.3d 1205, 1208 (10th Cir. 2002). Lipilina claims also that she received ineffective assistance of counsel when she filed her Motion to Reopen. We lack jurisdiction to review this claim because Lipilina did not raise this issue with the BIA prior to filing her petition for review. We dismiss the petition for review of Lipilina's ineffective assistance of counsel claim. We deny the petition with respect to the Motion to Reopen and affirm the BIA's decision.

**Background**

Lipilina originally applied for asylum on June 9, 1993. After a hearing on her application, the IJ issued a decision denying asylum on December 13, 1994 but granting voluntary departure. Lipilina timely appealed to the BIA, and the BIA affirmed the IJ's decision on August 28, 2000. Lipilina did not file a petition for review of the BIA's decision affirming the IJ's ruling on her asylum

-2-

application. On June 28, 2001, Lipilina filed a Motion to Reopen with the BIA on the grounds of changed circumstances. The BIA denied the Motion to Reopen on July 2, 2002 because Lipilina's motion was not supported by any affidavits or other evidentiary material. Lipilina timely filed her petition for review of the BIA's denial of her Motion to Reopen on August 1, 2002.

**Motion to Reopen**

The regulations provide that "[a] motion to reopen proceedings shall . . . be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). The BIA found that the brief submitted by Lipilina did not include any affidavits or other evidentiary material, and, therefore, it failed to meet the regulatory requirements for a motion to reopen. Lipilina does not challenge this finding. In fact, she concedes in her brief before this court that "counsel failed to support [the allegations in the Motion to Reopen] with affidavits or other materials having evidentiary value." Pet's Br. at 28. Accordingly, the BIA did not abuse its discretion in denying the Motion to Reopen. *See Ghosh v. Attorney General*, 629 F.2d 987, 989 (4th Cir. 1980) ("It is not an abuse of discretion to deny a motion to reopen deportation proceedings when the motion is not supported by proper affidavits or other evidentiary material.").

To the extent that Lipilina's brief seeks to challenge the original decision of the BIA affirming the IJ's denial of her asylum application, we lack

jurisdiction to review that decision. The Immigration and Nationality Act requires a petition for review to be filed with the court of appeals within thirty days of the date of the final order of removal. *See* 8 U.S.C. § 1252(b)(1). In Lipilina's case the date of her final order of removal was August 28, 2000, when the BIA dismissed Lipilina's appeal and affirmed the IJ's decision denying asylum. Lipilina did not file a timely petition for review of this order. Instead, she filed a Motion to Reopen on June 28, 2001, arguing changed circumstances as the grounds for her motion. Subsequently filing a motion to reopen or to reconsider does not affect the finality of the original order of removal. *See Stone v. INS*, 514 U.S. 386, 405 (1995).

Lipilina argues in her petition that the BIA erred because (1) it failed to make specific findings regarding the risk of future persecution on account of Lipilina's political opinion, and (2) the decision denying asylum was not supported by substantial evidence in the record. Both of these issues are challenges to the BIA's August 28, 2000 order. Because the petition for review was not filed within thirty days of the BIA's August 28, 2000 decision, this court lacks jurisdiction to review that order. *See Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (dismissing petition for review for lack of jurisdiction because petition was not timely filed).

## Ineffective Assistance of Counsel

Lipilina's petition also contains a claim for ineffective assistance of counsel with respect to her Motion to Reopen. Lipilina did not raise this issue before the BIA. This court has held that "because the BIA provides a mechanism for hearing an ineffective assistance claim, an alien's failure to raise the claim to the BIA deprives this court of jurisdiction to review it." *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999). Because Lipilina failed to raise her ineffective assistance of counsel claim to the BIA, we do not have jurisdiction to review it.

We DISMISS the petition for review of the claim for ineffective assistance of counsel. We DENY the petition for review of the Motion to Reopen and we AFFIRM the BIA's decision.

Entered for the Court

Wade Brorby
Senior Circuit Judge

-5-