[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10267
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cv-00424-WS-M

PRINCE HOTEL, SA,

                                                    Plaintiff - Appellant,

    versus

BLAKE MARINE GROUP,
ELI ZATEZALO,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(July 1, 2011)

Before EDMONDSON, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

Prince Hotel sued Blake Marine Group and Eli Zatezalo[1] (collectively, "Blake Marine") for nonpayment of hotel charges incurred during relief work in Port-au-Prince, Haiti. Prince Hotel asserted that the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, gave the district court subject-matter jurisdiction to hear the case. After the parties filed court-ordered briefs on the issue, the district court concluded that it lacked jurisdiction, and it dismissed the action without prejudice. Prince Hotel appeals the dismissal, raising a number of issues. After review, we affirm.[2]

Prince Hotel reasserts that the ATS confers subject-matter jurisdiction on the district court to hear this action. It argues that Blake Marine violated the law of nations, which vested the federal courts with the power to hear Prince Hotel's claim.

---

[1] Zatezalo served as Blake Marine Group's president.

[2] Prince Hotel first alleges that the district court erred in failing to *sua sponte* exercise diversity-of-citizenship jurisdiction. Prince Hotel states that "[a]lthough [it] did not request the District Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332, the facts presented in the complaint clearly indicated the same." "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). "[W]e have repeatedly held that 'an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.'" *Walker v. Jones*, 10 F.3d 1569, 1572 (11th Cir. 1994) (quoting *Depree v. Thomas*, 946 F.2d 784, 793 (11th Cir. 1991)). Neither Prince Hotel's complaint nor its brief to the district court—specifically addressing subject-matter jurisdiction—mentioned § 1332 or diversity jurisdiction. Accordingly, we decline to address the issue.

We review a dismissal for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), *de novo*. *Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1356 (11th Cir. 2010). ATS provides that "district courts shall have original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States." § 1350.

"Congress intended the ATS to furnish jurisdiction for a relatively modest set of actions alleging violations of the law of nations." *Sosa v. Alvarez-Machain*, 542 U.S. 692, 720, 124 S. Ct. 2739 (2004). "[W]e think courts should require any claim based on the present-day law of nations to rest on a norm of international character accepted by the civilized world and defined with a specificity comparable to the features of the 18th-century paradigms we have recognized." *Id*. at 725. The Court recognized that the "'limits of section 1350's reach' [are] defined by 'a handful of heinous actions—each of which violates definable, universal and obligatory norms.'" *Id*. at 732 (citing and quoting *Tel-Oren v. Libyan Arab Republic*, 726 F.2d 774, 781 (D.C. Cir. 1984) (Edwards, J., concurring)). "[W]hile every nation may have laws penalizing the tortious conversion of the property of another person, the rule against such conduct is no part of the 'law of nations' and a cause of action based on violation of the rule

3

does not satisfy the jurisdictional requirements of 28 U.S.C.A. § 1350." *Cohen v. Hartman*, 634 F.2d 318, 320 (5th Cir. 1981) (per curiam).[3]

Here, we cannot conclude that the ATS conferred jurisdiction upon the district court to hear this claim. Prince Hotel does allege a tort—misrepresentation—but it cannot demonstrate that the law of nations is in any way implicated. While failure to honor business agreements may well violate the laws of individual countries, commercial transgressions of this nature are insufficient to trigger jurisdiction under a statute that exists to provide relief for a narrow class of wrongs.[4] Accordingly, we believe that the district court properly concluded that it lacked subject-matter jurisdiction over this action.

**AFFIRMED.**

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted all rulings of the former Fifth Circuit handed down prior to October 1, 1981.

[4] Prince Hotel also briefly asserts that the district court erred in concluding that federal-question jurisdiction did not exist under 28 U.S.C. § 1331. It believes that Blake Marine issued it a worthless negotiable instrument—a insufficiently funded check—in violation of the U.S.-Haiti Extradition Treaty and, therefore, federal-question jurisdiction is appropriate. It is unclear how Blake Marine's alleged presentation of an valueless negotiable instrument would violate a treaty that provides for the extradition of criminals between countries. Moreover, Prince Hotel does not explain how this would give the district court subject-matter jurisdiction. Accordingly, we agree with the district court's conclusion on this argument.