**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 15, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

KAREN VIOLETA FLORES-ARGUETA,
AKA Karen Violeta Flores,

     Petitioner,

v.

MATTHEW G. WHITAKER, acting
United States Attorney General,

    Respondent.

No. 18-9556
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McHUGH**, and **CARSON**, Circuit Judges.
_____

Karen Violeta Flores-Argueta, a native and citizen of El Salvador, petitions for

review of the denial by the Board of Immigration Appeals (BIA) of her motion to reopen

her removal proceedings. At the proceedings before the immigration judge (IJ), she

admitted removability and the IJ ruled that she was not eligible for relief from removal to

El Salvador. The IJ determined that she was not eligible for cancellation of removal

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. _See_
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

under 8 U.S.C. § 1229b(b) because she had been convicted of assault with a deadly weapon in California, which is a crime involving moral turpitude under 8 U.S.C. § 1182(a)(2). *See Matter of Wu*, 27 I. & N. Dec. 8, 9 (B.I.A. 2017). The IJ also determined that she was not entitled to asylum or withholding of removal because she had not presented evidence showing that she would face persecution in El Salvador on the basis of a protected characteristic, and that she was not entitled to protection under the Convention Against Torture.

The BIA upheld the IJ's decision and dismissed Flores-Argueta's appeal. She did not petition for review of that decision but did file with the BIA a motion to reopen, seeking to submit additional evidence. *See Alzainati v. Holder*, 568 F.3d 844, 847 n.2 (10th Cir. 2009) ("A motion to reopen seeks to present evidence that is material and was not available and could not have been discovered or presented at the former hearing." (internal quotation marks omitted)). The BIA denied the motion, and Flores-Argueta now petitions this court for review. Denial of a motion to reopen is a "final, separately appealable order," which we have jurisdiction to review. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004). We deny the petition for review.

Flores-Argueta's petition for review raises two arguments: (1) she should have been allowed to present additional evidence that her daughter had submitted an I-130 form that might allow her to apply for adjustment of status or permanent residency; and (2) she should have been allowed to present additional evidence that her California assault conviction had been reclassified as a misdemeanor conviction. Her motion to reopen had also suggested that she could present evidence regarding her brother's 2008

2

murder in El Salvador, and the BIA's order discussed that claim; but her brief on appeal makes no mention of that issue and consequently waives any challenge to the BIA's ruling on that ground. *See Rodas-Orellana v. Holder*, 780 F.3d 982, 998 (10th Cir. 2015).

We lack jurisdiction to consider Flores-Argueta's first argument. Her motion to the BIA to reopen did not raise the contention that her daughter had filed an I-130, and the BIA's order did not address it. Under 8 U.S.C. § 1252(d)(1), "our jurisdiction extends only to issues that have been exhausted before the [BIA]." *Molina v. Holder*, 763 F.3d 1259, 1262 (10th Cir. 2014). We cannot grant relief from denial of a motion to reopen on grounds that were not presented in that motion.

Flores-Argueta's second argument was rejected by the BIA because she did not attach to her motion any evidence that her California conviction had been modified. We review for abuse of discretion a decision on a motion to reopen. *See Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013). "The BIA does not abuse its discretion when its rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law." *Id.* at 1239 (internal quotation marks omitted). There was no abuse of discretion in this case. Flores-Argueta's motion was not supported by any evidence that her California conviction had been reclassified as a misdemeanor. The BIA followed its established policy of requiring that motions to reopen "shall state the new facts that will be proven at a hearing to be held if the motion is granted and shall be supported by affidavits or other evidentiary material." 8 C.F.R. § 1003.2(c)(1). Denying the motion to reopen on that basis was not an abuse of

3

discretion. *See Ghosh v. Attorney General*, 629 F.2d 987, 989 (4th Cir. 1980) ("It is not an abuse of discretion to deny a motion to reopen deportation proceedings when the motion is not supported by proper affidavits or other evidentiary material"); *Lipilina v. INS*, 87 F. App'x 101, 102 (10th Cir. 2004) (the BIA did not abuse its discretion in denying a motion to reopen that was not accompanied by evidentiary support). Flores-Argueta has attached a document to her petition for review that appears to indicate that her California conviction was dismissed, but that document was not attached to her motion to reopen. Therefore the BIA did not abuse its discretion in finding that the motion was not supported by evidentiary material. In any event, because the document was never presented to the agency, it is not part of the administrative record and we cannot consider it. *See R-S-C v. Sessions*, 869 F.3d 1176, 1182 (10th Cir. 2017) ("The [Immigration and Nationality Act] restricts our review of [the] petition only to the administrative record."); 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based.").

We **DISMISS** the petition for review in part for lack of jurisdiction and **DENY** the remainder of the petition.

Entered for the Court


Harris L Hartz
Circuit Judge

4