MATTER OF VILLEGAS AGUIRRE

In Deportation Proceedings

A-18102434

*Decided by Board February 13, 1969*

A timely appeal to the Board of Immigration Appeals from the special inquiry officer's order granting respondent voluntary departure with an alternate order of deportation in the event of failure to depart, effects an automatic stay of execution of the special inquiry officer's order during the pendency of the appeal (8 CFR 3.6); the voluntary departure authorization by the special inquiry officer begins to run from the date of the Board's decision on the appeal.

CHARGE:

Order: Act of 1952—Section 241(a)(9) [8 U.S.C. 1251(a)(9)]—Nonimmigrant visitor—failed to comply.

ON BEHALF OF RESPONDENT:   Antonio C. Martinez, Esquire
                          77 Seventh Avenue
                          New York, New York 10011
                          William Freundel, Esquire
                          (Of counsel).

This case presents an appeal from a decison of the special inquiry officer granting the respondent the privilege of voluntary departure and further providing that in the event she failed to depart when and as required, the respondent should be deported to Ecuador. The appeal will be dismissed.

The respondent is a married native and citizen of Ecuador who entered the United States at Miami, Florida on or about August 17, 1968 as a nonimmigrant visitor for pleasure. She was authorized to remain in this country until December 31, 1968, but took gainful employment in New York City on or about August 29, 1968. Counsel conceded her deportability at the hearing.

The respondent has a return trip ticket to Ecuador. She is ready, willing and able to depart and consented to leave the United States within one month if granted voluntary departure.

The respondent suffers from a kidney condition and has been under medical care in this country. She has previously undergone surgery in Ecuador.

The special inquiry officer, by order dated October 16, 1968, finding no evidence of record to indicate that the respondent would be in any way impeded in her ability to travel by reason of her ailment, nor any indication she could not obtain adequate treatment in Ecuador upon her return there, granted the respondent only the privilege of voluntary departure. He further ordered that in the event she failed to depart when and as required, she should be deported on the charge contained in the order to show cause. On appeal, counsel stated only that, "The denial of additional time for voluntary departure is unreasonable, capricious and arbitrary." Although an extension of time was granted upon request of counsel, no brief has been received.

We have reviewed the entire record in this matter and conclude that the special inquiry officer's decision was fully warranted. We find no substance to counsel's contention that the denial of additional voluntary departure time was unreasonable. Voluntary departure is the maximum relief to which respondent is eligible. If she finds she needs more time than the special inquiry officer has allowed, she can apply to the District Director for an extension. See 8 CFR 244.2.

Under 8 CFR 3.6, a timely appeal stays the execution of the special inquiry officer's decision during the pendency of the appeal. As we have held in a number of unreported decisions, the stay not only affects the automatic deportation provision of the special inquiry officer's order, but it also tolls the running of the voluntary departure authorization. See *In Ja Kim* v. *INS*, 403 F.2d 636 (7 Cir. 1968). Thus, the respondent still has 30 days from the date of our decision within which to depart voluntarily and thereby avoid the automatic entry of the deportation order prescribed by the special inquiry officer.

**ORDER:** It is ordered that the appeal be and it is hereby dismissed.

*It is further ordered* that, pursuant to the special inquiry officer's order, the respondent be permitted to depart from the United States voluntarily within 30 days from the date of this decision or any extension beyond that time as may be granted by the District Director; and that, in the event of failure so to depart, the respondent shall be deported as provided in the special inquiry officer's order.