MATTER OF CHOULIARIS

In Deportation Proceedings

A–15174696

*Decided by Board March 29, 1977*

(1) Neither the statute nor the regulations contain any provision limiting the amount of voluntary departure time which may be granted by an immigration judge. The decision is within his sole discretion.

(2) Timely filing of an appeal stays the execution of the decision of the immigration judge during the pendency of the appeal, and also tolls the running of the voluntary departure authorization. See *Matter of Villegas Aguirre*, 13 I. & N. Dec. 139 (BIA 1969).

(3) *Matter of Villegas Aguirre*, 13 I. & N. Dec. 139 (BIA 1969) is affirmed to the extent it holds that the taking of an appeal shall not jeopardize a grant of voluntary departure.

(4) To the extent that *Matter of Villegas Aguirre* dictates that the same amount of voluntary departure time which was originally granted by the immigration judge should be reinstated after the Board has rendered its decision, it is disapproved.

(5) With regard to the formula for reinstatement of voluntary departure time, *Matter of Villegas Aguirre*, 13 I. & N. Dec. 139 (BIA 1969) is modified as follows: If an immigration judge provided for voluntary departure period of 30 days or less, the Board shall reinstate the original grant. Where a period exceeding 30 days has been granted, respondent will be given 30 days from the date of the Board's decision in which to depart voluntarily. Where the original grant has not yet expired, and the remaining period exceeds 30 days, respondent shall be permitted to depart voluntarily on or before the date specified by the immigration judge.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Remained longer—crewman

ON BEHALF OF RESPONDENT:
James J. Orlow, Esquire
636 Public Ledger Building
6th & Chestnut Streets
Philadelphia, Pennsylvania 19106

ON BEHALF OF SERVICE:
George Indelicato
Appellate Trial Attorney

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

In a decision dated December 3, 1975, the immigration judge found the respondent deportable as charged and granted him voluntary departure in lieu of deportation. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent, a native and citizen of Greece, admitted the truth of the allegations in the Order to Show Cause and conceded his deportability as a nonimmigrant who remained beyond the authorized period of admission. The only issues on appeal involve his application for voluntary departure.

At the hearing the respondent stated that he had married a lawful permanent resident on November 5, 1975, and that a visa petition had been submitted in his behalf. He claimed that, if he were to return to Greece, he risked being drafted into the army in Greece. He requested that the immigration judge grant him until November 17, 1976, almost one year, in which to depart voluntarily, thereby enabling him to remain here and to apply for adjustment of status once his visa petition was approved. Having found the respondent statutorily eligible for voluntary departure under section 244(e) of the Immigration and Nationality Act and deserving of the relief, the immigration judge stated that the discretion given to him under the Act did not contemplate such a lengthy grant of voluntary departure time. He did, however, give the respondent five months within which to depart voluntarily.

On appeal counsel for the respondent contends that the immigration judge erred in concluding that he was without authority to grant the amount of voluntary departure time requested. Counsel is correct. Neither the statute nor the regulations contain any provision limiting the amount of voluntary departure time which may be given. Although 8 C.F.R. 244.1 provides that the alien applying for the privilege of departing voluntarily must establish that he is willing and has the immediate means with which to depart promptly, it expresses no limitation on the amount of time the immigration judge may grant. That decision lies solely within the discretion of the immigration judge.

The respondent in the present case requested permission to depart voluntarily before November 17, 1976. Inasmuch as that date passed while the appeal was pending, we see no reason to remand the record to the immigration judge for a new decision. Consequently, we shall dismiss the appeal.

Another issue remains to be discussed: whether the taking of an appeal tolls the running of the grant of voluntary departure made by the immigration judge. This issue was raised by the Immigration and Naturalization Service at oral argument, and briefs have been submitted by both parties.

In *Matter of Villegas Aguirre*, 13 I. & N. Dec. 139 (BIA 1969), we held that a timely appeal not only stays the execution of the immigration judge's decision during the pendency of the appeal but it also tolls the running of the voluntary departure authorization. Our holding in *Aguirre*, where a 30-day period of voluntary departure was involved, was designed to guard against any possibility that the taking of an

169

appeal might result in the loss of the privilege of voluntary departure. The application of the rule of *Aguirre* to the present case would rest in the reinstatement of the five-month grant of voluntary departure as of the date of this decision. The Service urges that we overrule our decision in *Aguirre*.

The alien in deportation proceedings must be assured that he will not risk losing a grant of voluntary departure by filing an appeal from an adverse decision of an immigration judge. To the extent our decision in *Aguirre* holds that a grant of voluntary departure made by an immigration judge shall not be jeopardized by taking an appeal, it is affirmed.

The fact that the voluntary departure period is tolled during the pendency of the appeal protects the alien's right to appeal. However, in some cases the precise rule as enunciated in *Aguirre* has had another, less desirable effect: it has provided a mechanism to prolong unduly the departure of deportable aliens. *Aguirre* dictates that the amount of voluntary departure time which was originally granted by the immigration judge be reinstated after we have rendered our decision. The particular purpose for a lengthy grant may be fulfilled while the case is before us on appeal, or it may no longer exist. To the extent that *Aguirre* requires that we reinstate the *same* amount of voluntary departure time, it is disapproved and is modified as follows: If an immigration judge provided for a voluntary departure period of 30 days or less, we shall reinstate the original grant. In those cases in which a period exceeding 30 days has been granted, the respondent will be given 30 days from the date of our decision in which to depart voluntarily. Where the original grant has not yet expired and the remaining period exceeds 30 days, the respondent shall be permitted to depart voluntarily on or before the date specified by the immigration judge.[1]

At the hearing in the present case, the respondent was granted five months in which to depart voluntarily. He requested almost a year. Over a year has elapsed since the hearing in December 1975. At the time of the original grant, a visa petition had been filed in his behalf by his lawful permanent resident spouse. The petition has since been withdrawn. There is no longer any reason to prolong his departure. Accordingly, the respondent will be given 30 days from the date of this decision to depart voluntarily from the United States.

ORDER: The appeal is dismissed.

FURTHER ORDER: The respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.

---

[1] We note that the District Director is authorized to extend the period during which the alien may depart the United States voluntarily. (8 C.F.R. 244.2)