Rosa Emma **MORENO**, Petitioner,

v.

**UNITED STATES IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

No. 85–4442
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Jan. 6, 1986.

---

Samuel M. Tidwell & Associates, Samuel M. Tidwell, Dallas, Tex., for petitioner.

Edwin Meese, III, Atty. Gen., U.S. Dept. of Justice, Washington, D.C., Robt. L. Bombough, Director, Michael C. Johnson, Eloise Rosas, Attys., Allen W. Hausman, Asst. Director, Office of Immigration Litigation, Civ. Div., Washington, D.C., for respondent.

Ronald Chandler, I.N.S., Dallas, Tex., David H. Lambert, I.N.S., New Orleans, La., for other interested parties.

Before RUBIN, REAVLEY and HILL, Circuit Judges.

REAVLEY, Circuit Judge:

Petitioner Rosa Moreno appeals the denial of her request for suspension of deportation. We affirm.

## FACTS

A 35-year-old citizen of Mexico, Moreno first entered the United States in 1966 on a tourist visa. Since then, she has lived with her sister in Dallas, working as a housekeeper. She has left the United States three times: in 1975, for ten days; in 1980, for one week; and in 1982, for three days. Each time, she visited Mexico and returned to Dallas on a tourist visa which she then overstayed.

Deportation proceedings were instituted against Moreno in 1984. At her hearing, she conceded deportability but asked for suspension of deportation, a form of discretionary relief from deportation. In the alternative, she requested voluntary departure.

The immigration judge (IJ) granted her alternative request for voluntary departure. He found her statutorily ineligible for suspension of deportation, however, because she admitted leaving the United States twice in the preceding seven years. Accordingly, he denied this request without reaching the remaining requirements for relief.

Moreno appealed the denial to the Board of Immigration Appeals (Board). The Board dismissed her appeal, agreeing with the IJ that she had failed to prove seven years' continuous physical presence.

## DISCUSSION

On appeal, Moreno argues that the Board erroneously interpreted the seven years' continuous physical presence requirement. She contends that her two short Mexican vacations did not legally interrupt her otherwise continuous presence throughout the statutory period.

We review the Board's finding of statutory ineligibility under a substantial evidence standard. *Ramos v. I.N.S.*, 695 F.2d 181, 185 (5th Cir.1983). To establish eligibility for suspension of deportation, an alien must prove three factors: (1) continuous physical presence in the United States for the seven years preceding the institution of deportation proceedings; (2) good moral character throughout that seven-year period; and (3) extreme hardship in the event of deportation. 8 U.S.C. § 1254(a) (1982). In *I.N.S. v. Phinpathya*, 464 U.S. 183, 104 S.Ct. 584, 78 L.Ed.2d 401 (1984), the Supreme Court determined that Congress intended a strict interpretation of the "continuous physical presence" factor. The Court disagreed with the appellate

court's "meaningfully interruptive" test, analogized from *Rosenberg v. Fleuti,* 374 U.S. 449, 460, 83 S.Ct. 1804, 1811, 10 L.Ed.2d 1000, 1007 (1963); such a test did not accord with the "plain meaning" of the statute. *Phinpathya,* 464 U.S. at 195, 104 S.Ct. at 592, 78 L.Ed.2d at 412. It thus found that the petitioner, who had spent three months in her home country and returned to America on a fraudulently-obtained visa, did not meet the "continuous physical presence" requirement.

The Board reads *Phinpathya* to mean that any trip outside the United States, regardless of motive or duration, may break the seven-year period. *See Matter of Dilla,* Int. Dec. 2962 (BIA 1984). Moreno argues that this interpretation is unnecessarily broad and could lead to "absurd" results. She distinguishes her case factually from *Phinpathya* because her trips were shorter and she did not commit visa fraud; thus, she claims, *Phinpathya* is not controlling.

■ While some doubt has been expressed that the Supreme Court intended to hold that every trip outside the United States bars a finding of "continuous physical presence," *e.g., Marti-Xiques v. I.N.S.,* 741 F.2d 350, 352 (11th Cir.1984); C. Gordon & H. Rosenfield, *Immigration Law & Procedure* § 7.9d (1984), we are inclined to read the Court to say just that. Furthermore, Moreno's case does not present any of the "absurd" situations she hypothesizes. She left the country neither involuntarily, inadvertently nor out of emergency; rather, she apparently planned these visits to her family in Mexico for pleasure. Similarly, she was not gone for a mere matter of hours; rather, her first trip within the statutory period lasted a week; her second, three days. Moreover, while neither the Board nor the IJ considered the issue of visa fraud, we question whether Moreno ever truly intended to comply with the duration restrictions on her four tourist visas.

We find substantial evidence to support the Board's determination that Moreno failed to meet the threshold seven years'

continuous physical presence requirement for suspension of deportation eligibility.

AFFIRMED.