## MATTER OF PATEL

### In Deportation Proceedings

A-26532196
A-26531749

*Decided by Board July 11, 1986*

(1) The legitimate purpose recognized in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), of protecting the alien's right to appeal by avoiding a forced election between a grant of voluntary departure and the filing of an appeal is not served where, as here, the alien's appeal is determined to be frivolous or filed solely for the purpose of delay.

(2) To the extent that *Matter of Chouliaris* requires a further order granting voluntary departure in appeals determined to be frivolous or filed solely for the purpose of delay, it is disapproved and is modified to preclude a further grant of voluntary departure where the original grant has expired.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Nonimmigrant—remained longer than permitted (both respondents)

ON BEHALF OF RESPONDENTS:
Marshall M. Taheri, Esquire
5433 Westheimer, Suite 1000
Houston, Texas 77056

ON BEHALF OF SERVICE:
Franklin Bell
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, and Vacca, Board Members

In a decision dated February 6, 1984, an immigration judge found the respondents deportable as charged, concluded that they were not eligible for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 (1982), and granted them the privilege of voluntary departure in lieu of deportation for a period of 6 months, with an alternate order of deportation to India. The respondents have appealed. The appeal will be summari-

ly dismissed pursuant to 8 C.F.R. § 3.1(d)(1–a)(iv) (1986).[1] The request for oral argument before the Board is denied.

The respondents, a 45-year-old male and his 40-year-old wife, are natives and citizens of India who last entered the United States at Seattle, Washington, on January 13, 1978, as nonimmigrant visitors authorized to remain until February 12, 1978. At their deportation hearing begun on October 24, 1983, and completed on February 6, 1984, the respondents, who were represented by counsel, admitted the factual allegations contained in their respective Orders to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) and conceded deportability as "overstays" under section 241(a)(2) of the Act, 8 U.S.C. § 1251(a)(2) (1982). The respondents do not now challenge the finding of deportability and we are satisfied from a review of the record that they received a fair hearing and that their deportability has been established by evidence which is clear, unequivocal, and convincing as required by *Woodby v. INS*, 385 U.S. 276 (1966).

The respondents' Notice of Appeal (Form I-290A) states only that "[a]ttorney for appellants requests a copy of the transcript of the hearing and exhibits and thirty (30) days from receipt of same to file a written brief." Although indicating that a brief would be submitted in support of their appeal, the respondents have failed to do so. Where, as here, the respondents do not challenge the finding of deportability, have neither requested nor shown eligibility for any form of relief from deportation, and were granted voluntary departure in excess of 30 days, we conclude that the appeal is frivolous or filed solely for the purpose of delay and should therefore be summarily dismissed pursuant to 8 C.F.R. § 3.1(d)(1–a)(iv) (1986). *Compare Matter of Valencia*, 19 I&N Dec. 354 (BIA 1986) (summary dismissal for failure to adequately specify reasons for the appeal).

In *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), we stated that an alien in deportation proceedings must be assured that he will not risk losing a grant of voluntary departure by filing an appeal from an adverse decision of an immigration judge and that his right to appeal is protected by ensuring the preservation of some period of voluntary departure during the pendency of the appeal. However, *Chouliaris* did not involve a frivolous appeal or one filed solely for the purpose of delay, and thus the Board was

---

[1] The regulation at 8 C.F.R. § 3.1(d)(1–a)(iv) (1986) provides, inter alia, for the summary dismissal of an appeal in any case in which the Board is satisfied, from a review of the record, that the appeal is frivolous or filed solely for the purpose of delay. The provisions of 8 C.F.R. § 3.1(d)(1–a) (1986) are included in the instructions on the reverse side of the Notice of Appeal (Form I-290A), so that every alien who files an appeal has notice of them.

not required to address the effect of such an appeal on a prior grant of voluntary departure by an immigration judge. The legitimate purpose recognized in *Chouliaris* of protecting the alien's right to appeal by avoiding a forced election between a grant of voluntary departure and the filing of an appeal is not served where, as here, the alien's appeal is determined to be frivolous or filed solely for the purpose of delay.

It was not our intent in *Chouliaris* to reward an alien whose appeal is determined to be frivolous or filed solely for the purpose of delay with a further grant of voluntary departure. *Chouliaris*, in fact, specifically modified our prior rule which required the reinstatement of the original period of voluntary departure granted by an immigration judge. *See Matter of Villegas Aguirre*, 13 I&N Dec. 139 (BIA 1969). Our modification of the rule was premised on its undesirable effect, in some cases, of providing a mechanism to prolong unduly the departure of deportable aliens.

Both this Board and the courts have long recognized the practice, all too frequently adopted by aliens subject to an order of deportation, of employing meritless or dilatory tactics, having no colorable legal or factual basis, solely for the purpose of delaying their departure from the country as long as possible. *See INS v. Rios-Pineda*, 471 U.S. 444 (1985); *Contreras-Aragon v. INS*, 789 F.2d 777 (9th Cir. 1986); *Riasati v. INS*, 738 F.2d 1115 (10th Cir. 1984); *Der-Rong Chour v. INS*, 578 F.2d 464 (2d Cir. 1978), *cert. denied*, 440 U.S. 980 (1979); *Ballenilla-Gonzalez v. INS*, 546 F.2d 515 (2d Cir. 1976), *cert. denied*, 434 U.S. 819 (1977); *Acevedo v. INS*, 538 F.2d 918 (2d Cir. 1976); *Panagopoulos v. INS*, 434 F.2d 602 (1st Cir. 1970); *Fan Wan Keung v. INS*, 434 F.2d 301 (2d Cir. 1970); *Matter of Barocio*, 19 I&N Dec. 255 (BIA 1985); *Matter of Onyedibia*, 15 I&N Dec. 37 (BIA 1974); *Matter of Gamboa*, 14 I&N Dec. 244 (BIA 1972); *Matter of Holguin*, 13 I&N Dec. 423 (BIA 1969); *Matter of Laqui*, 13 I&N Dec. 232 (BIA 1969), *aff'd Laqui v. INS*, 422 F.2d 807 (7th Cir. 1970); *Matter of Arao*, 13 I&N Dec. 156 (BIA 1969).

We will no longer sanction the abuse of the appellate procedures authorized under the regulations with a further grant of voluntary departure. To the extent that *Chouliaris* requires a further order granting voluntary departure in appeals determined to be frivolous or filed solely for the purpose of delay, it is disapproved and is modified to preclude a further grant of voluntary departure where the original grant has expired.

Accordingly, the appeal will be summarily dismissed.

**ORDER:** The appeal is summarily dismissed pursuant to 8 C.F.R. § 3.1(d)(1-a)(iv) (1986).