## MATTER OF MARTINEZ-ANGUIANO

### In Deportation Proceedings

### A-24747737

### *Decided by Board July 8, 1986*

(1) The Supreme Court's holding in *INS* v. *Phinpathya*, 464 U.S. 183 (1984), may be applied retroactively to cases pending at the time the Court rendered its decision.

(2) The Supreme Court held in *INS* v. *Phinpathya* that the continuous physical presence requirement of section 244(a) of the Immigration and Nationality Act, 8 U.S.C. § 1254(a) (1982), must be literally construed and that any absence from the United States during the 7-year period, however brief, casual, or innocent, breaks the continuity of physical presence required for suspension of deportation; therefore, the Court's decision is not limited to cases where the alien engaged in fraud in order to reenter the United States following a departure.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 1251(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:
Diane R. King, Esquire
225 Broadway, Suite 1500
San Diego, California 92101

ON BEHALF OF SERVICE:
Alan S. Rabinowitz
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, and Vacca, Board Members

In a decision dated February 1, 1984, an immigration judge found the respondent deportable as charged and denied his application for suspension of deportation. The respondent was granted voluntary departure in lieu of deportation. The respondent appealed from the denial of suspension. The appeal will be dismissed.

The respondent is a 30-year-old native and citizen of Mexico who initially entered the United States in September of 1972, without inspection by immigration officials. He was subsequently apprehended and, on July 12, 1983, an Order to Show Cause, Notice of Hearing, and Warrant for Arrest of Alien (Form I-221S) was issued against him, charging him with deportability under section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1982), for an unlawful entry in January of 1978. At his

deportation hearing, which commenced on August 15, 1983, and concluded on February 1, 1984, the respondent admitted the allegations in the Order to Show Cause and conceded deportability.

At his hearing, the respondent applied for suspension of deportation. His suspension application reflects that he has departed from the United States twice since his initial entry in 1972. The first absence was from December of 1977 to early 1978. The second absence was from December of 1982 to early 1983. The immigration judge concluded that, based on the Supreme Court's decision in *INS* v. *Phinpathya*, 464 U.S. 183 (1984), the respondent did not have the 7 years' continuous physical presence in the United States which is required for suspension under section 244(a)(1) of the Act, 8 U.S.C. § 1254(a)(1) (1982). He therefore denied the application for suspension of deportation.

In *INS* v. *Phinpathya, supra*, the Supreme Court held that the continuous physical presence requirement of section 244(a)(1) must be literally construed and that any absence from the United States during the 7-year period, however brief, casual, or innocent, breaks the continuity of physical presence required for suspension of deportation. In so deciding, the Court rejected not only the liberal view of the requirement of the United States Court of Appeals for the Ninth Circuit, as set forth in *Kamheangpatiyooth* v. *INS*, 597 F.2d 1253 (9th Cir. 1979),[1] and *Phinpathya* v. *INS*, 673 F.2d 1013 (9th Cir. 1982), but rejected as well the idea that the continuous physical· presence requirement could admit of any exceptions. *See generally Wadman* v. *INS*, 329 F.2d 812 (9th Cir. 1964); *Matter of Wong*, 12 I&N Dec. 271 (BIA 1967). On appeal, the respondent, through counsel, argues that the *Phinpathya* decision should not be applied retroactively. He asserts that if the decision in *Phinpathya* is applied prospectively only, he will not be barred by it from meeting the 7 years' continuous physical presence requirement. He also contends that in a case like his, where his absences from the United States were brief, casual, and innocent, "a hypertechnical interpretation [of the continuous physical presence requirement] should *not* be employed."

---

[1] In *Kamheangpatiyooth*, the court of appeals held that an alien's absences from the United States during the 7 years preceding his application for suspension of deportation would not meaningfully interrupt his continuous physical presence here, and thus would not render him ineligible for suspension,

> if indications are that the hardship of deportation to the alien would be equally severe had the absence not occurred, and that no significant increase in the likelihood of deportation could reasonably have been expected to flow from the manner and circumstances surrounding the absence.

*Id.* at 1257.

The Supreme Court's decision in *INS* v. *Phinpathya, supra,* is dispositive of this case, despite the fact that the decision was rendered after the respondent's absences from the United States. The Ninth Circuit, where this case arises, has specifically rejected the argument that retroactive application of the *Phinpathya* decision violates due process. *Bagues-Valles* v. *INS,* 779 F.2d 483 (9th Cir. 1985). In so ruling, the court of appeals pointed out that the *Phinpathya* ruling was itself retroactive, in that it applied its literal reading of the continuous physical presence requirement to Phinpathya's prior departure from the United States. The argument that *Phinpathya* should only apply prospectively has also been specifically rejected by the Fifth Circuit. *Moreno-Alaniz* v. *INS,* 781 F.2d 1054 (5th Cir. 1986). The ruling in *Phinpathya* has in fact consistently been applied, both in published and unpublished decisions, to cases which were pending at the time the Supreme Court rendered its decision, usually without discussion of whether the decision should be applied retroactively. *See e.g. Sanchez-Dominguez* v. *INS,* 780 F.2d 1203 (5th Cir. 1986); *Moreno* v. *United States INS,* 779 F.2d 1086 (5th Cir. 1986); *Dasigan* v. *INS,* 743 F.2d 628 (9th Cir. 1984). This Board also has applied the holding retroactively, without discussion of the retroactivity issue. *Matter of Dilla,* 19 I&N Dec. 54 (BIA 1984).

The respondent's appeal also suggests that his case should be distinguished from *Phinpathya* because in *Phinpathya* the alien engaged in fraud in order to obtain a nonimmigrant visa with which to reenter the United States following an absence, whereas here, the respondent's absences and reentries were "innocent." This argument must be rejected. The Court's holding in *Phinpathya* was basic and simple: the continuous physical presence requirement of section 244(a)(1) is inflexible and admits of no exceptions, and, however severe the consequences, the alien must have been continuously present in this country for at least 7 years in order to be eligible for suspension of deportation. The Court did not in any way suggest that an exception might be made for an alien who departed from the country within the 7 years but was readmitted lawfully, or who, like the respondent herein, reentered without inspection but did not engage in fraud. Given the clear language used in the decision, we have no difficulty in concluding that the ruling in *INS* v. *Phinpathya, supra,* is not limited to cases where the alien engaged in fraud in order to reenter the United States following a departure. Indeed, we have already applied *Phinpathya,* in a precedent decision, to a case not involving fraud. *Matter of Dilla, supra.* The courts also have applied the ruling to such cases. *See Moreno-Alaniz* v. *INS, supra; Sanchez-Dominguez* v. *INS, supra; Moreno* v.

*United States INS, supra; Bagues-Valles* v. *INS, supra; Dasigan* v. *INS, supra.*

Inasmuch as the respondent did not satisfy the statute's continuous physical presence requirement, we shall dismiss his appeal on that ground. We therefore find it unnecessary to address his contentions regarding extreme hardship.

**ORDER:** The appeal is dismissed.

**FURTHER ORDER:** Pursuant to the immigration judge's order and in accordance with our decision in *Matter of Chouliaris,* 16 I&N Dec. 168 (BIA 1977), the respondent is permitted to depart from the United States voluntarily within 30 days from the date of this order or any extension beyond that time as may be granted by the district director; in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.