# MATTER OF R-P-

## In Deportation Proceedings

### A-29323829

*Decided by Board December 21, 1990*

(1) Where an immigration judge in deportation proceedings issues a decision granting an alien voluntary departure, the sole relief requested, the Board of Immigration Appeals may summarily dismiss the alien's appeal from that decision pursuant to 8 C.F.R. § 3.1(d)(1-a)(iii) (1990).

(2) The Board will not grant a further period of voluntary departure to an alien who files a frivolous appeal from a decision which does not adversely affect him.

CHARGE:

Order: Act of 1952—Sec. 241(a)(2) [8 U.S.C. § 125 1(a)(2)]—Entered without inspection

ON BEHALF OF RESPONDENT:  
Pro se

ON BEHALF OF SERVICE:  
Kee Ling  
General Attorney

BY: Milhollan, Chairman; Dunne, Morris, Vacca, and Heilman, Board Members

In a decision dated November 27, 1989, the immigration judge found the respondent deportable pursuant to section 241(a)(2) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2) (1988), and granted him the privilege of voluntary departure. The respondent has appealed from that decision. The appeal will be dismissed.

The respondent is a 28-year-old native and citizen of Nicaragua. On August 3, 1989, he appeared with counsel, conceded deportability, and requested asylum, withholding of deportation, and voluntary departure. The immigration judge continued the hearing in order to allow the respondent to file his application for the relief requested. On November 27, 1989, the respondent and counsel reappeared for a hearing. At that time counsel informed the immigration judge that the respondent wished to withdraw his application for asylum and withholding of deportation and requested in lieu thereof a period of 6 months' voluntary departure. After ascertaining that the respondent had sufficient funds to depart and that he agreed to leave by the date ordered, the immigration judge granted the respondent voluntary

230

departure for 6 months. Counsel then indicated that there would be no appeal from the decision. However, on December 6, 1989, a Notice of Appeal to the Board of Immigration Appeals (Form I-290A), signed by the respondent, was filed. In the appeal the respondent alleged as follows:

> A careful reveiw [sic] of the facts in this case demonstrates that the Immigration Judge erred in denying my reqeust [sic] for relief. In addition, the Immigration Judge misstated the facts in rendering his decision.

It was also indicated that a separate brief or statement would be filed in support of the Notice of Appeal, but none has been forthcoming, nor has any explanation been offered by the respondent for his failure to file such brief or statement.

While reaffirming our conclusion in *Matter of Villegas Aguirre*, 13 I&N Dec. 139 (BIA 1969), that an appeal to the Board of Immigration Appeals tolls the running of a grant of voluntary departure, we recognized in *Matter of Chouliaris*, 16 I&N Dec. 168 (BIA 1977), that a less desirable effect of an appeal was to unduly prolong the departure of deportable aliens. We nevertheless determined that such an undesirable effect was outweighed by the need to assure aliens that there would be no risk of losing a grant of voluntary departure by filing an appeal from an adverse decision of an immigration judge. However, we have also held that where an appeal is dismissed under 8 C.F.R. § 3.1(d)(1-a)(iv) as frivolous or filed solely for the purpose of delay, the alien should not be rewarded with a further grant of voluntary departure by this Board. *Matter of Patel*, 19 I&N Dec. 394 (BIA 1986). That reasoning is equally applicable here. Therefore, we hold that where an immigration judge grants an alien voluntary departure, which was the only relief requested, and an appeal from that decision is appropriate for summary dismissal pursuant to 8 C.F.R. § 3.1(d)(1-a)(iii) (1990),[1] the Board will not grant a further period of voluntary departure. To the extent that our decision in *Matter of Chouliaris*, *supra*, is inconsistent with this decision, it is hereby modified.

By this decision we are not curtailing the right of an alien to file an appeal from an adverse decision of an immigration judge. However, the operative term here is "adverse decision." A decision of the immigration judge is not "adverse" to an alien where he has been granted the sole relief requested.

Accordingly, the appeal will be summarily dismissed pursuant to 8 C.F.R. § 3.1(d)(1-a)(iii) (1990).

---

[1] According to 8 C.F.R. § 3.1(d)(1-a)(iii) (1990), the Board may summarily dismiss any appeal in any case in which the appeal is from an order that granted the party concerned the relief he requested.

**ORDER:** The appeal is summarily dismissed pursuant to 8 C.F.R. § 3.1(d)(1-a)(iii) (1990).

**FURTHER ORDER:** The respondent is ordered deported to Nicaragua pursuant to the charge contained in his Order to Show Cause.