Miguel Manuel DOMINGUEZ–OLIVAS, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–70930.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2003.

Decided Feb. 19, 2004.

Karen L. Levine, Jerry Levine, Esq., Levine Law Offices, San Diego, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, CAS–District Counsel, Office of the District Counsel, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., Susan Houser, Esq., Luis E. Perez, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: HUG, B. FLETCHER, and WARDLAW, Circuit Judges.

### MEMORANDUM *

■ Miguel Manuel Dominguez–Olivas appeals from a decision by the Board of Immigration Appeals ("BIA") not to reopen his application for cancellation of removal. We review decisions not to reopen for abuse of discretion, regardless of the underlying claim. *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992). Dominguez–Olivas argues that his attorney's performance on his original appeal to the BIA constituted ineffective assistance of counsel. His attorney filed the appeal from the Immigration Judge's decision denying cancellation of removal, but did not file a supporting brief and did not inform Dominguez–Olivas when his appeal was denied. These facts give rise to a presumption of prejudice, but because Dominguez–Olivas would have no plausible grounds for relief had his attorney acted correctly, we hold that the BIA did not

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

abuse its discretion by denying the motion to reopen.

Dominguez–Olivas is entitled to a presumption of prejudice because his attorney failed to file a brief. *Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (2003). However, that presumption is rebutted if he cannot show that he had "plausible grounds for relief" in his appeal. *Dearinger ex rel. Volkova v. Reno*, 232 F.3d 1042, 1046 (9th Cir.2000). Dominguez–Olivas cannot meet this standard because his situation does not rise to the level of "extreme and unusual hardship" contemplated by Congress when it changed the eligibility requirements for cancellation of removal. *See* 8 U.S.C. § 1229b(b) (2000). The only hardship to a United States citizen Dominguez–Olivas can point to is that his citizen daughter will be raised without him, but at the time of his removal hearing he did not live with his daughter and provided little financial assistance to support her. With only this argument to support his appeal, Dominguez–Olivas would not have been successful at the BIA even if his lawyer had filed a brief.

■ Dominguez–Olivas also argues that his attorney's failure to notify him of the BIA's decision in time to appeal to this court deprived him of an opportunity to argue his case before this court. This argument is without merit. Dominguez–Olivas has no plausible grounds for relief on appeal to this Court. The only issue on appeal would have been hardship, a discretionary determination that we have no jurisdiction to review. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir. 2003).

■ On the issue of cancellation of removal, we conclude that Dominguez–Olivas's attorney's deficient performance did not prejudice him because his appeal would not have been successful, regardless of how skillfully argued. On the issue of

voluntary departure, however, his attorney's neglect significantly prejudiced Dominguez–Olivas.

The Immigration Judge granted Dominguez–Olivas voluntary departure. According to its precedents, the BIA tolls voluntary departure periods while appeals are pending in the BIA. *See Matter of Chouliaris*, 16 I & N Dec. 168, 170, 1977 WL 39242 (BIA 1977). The BIA's denial of Dominguez–Olivas's appeal, however, made no mention of voluntary departure, and, because Dominguez–Olivas did not know his case had been resolved until he received a "Bag and Baggage" letter from the INS, he was unable to take advantage of the remedy, if, in fact, it still existed.

At oral argument, the government acknowledged that if Dominguez–Olivas had renewed his petition for voluntary departure in his initial appeal to the BIA, it would have been granted. Therefore, his attorney's failure to file the brief cost him a remedy that would certainly have been his. Because the BIA did not address voluntary departure when it denied Dominguez–Olivas's motion to reopen, we remand to the BIA to consider the issue of voluntary departure in light of the ineffective assistance Dominguez–Olivas's attorney provided him on that issue. Motion to reopen is **REMANDED** for consideration of voluntary departure.