**Shun Feng CHEN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 02–4455.

United States Court of Appeals, Second Circuit.

Feb. 9, 2005.

Vlad Kuzmin, Kuzmin & Associates, New York, New York (on submission), for Petitioner.

Susan C. Cassell, Assistant United States Attorney, District of New Jersey (Christopher J. Christie, United States Attorney, District of New Jersey, on the brief) (on submission), for Respondent.

PRESENT: JACOBS, CALABRESI, Circuit Judges, and RAKOFF, District Judge.*

SUMMARY ORDER

Petitioner Shun Feng Chen ("Chen"), a citizen of the People's Republic of China, appeals from an order of the Board of Immigration Appeals ("BIA") entered on August 13, 2002, affirming without opinion a March 2, 1999 oral decision of the Immigration Judge ("IJ"), denying Chen's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and granting his motion for voluntary departure, *see Matter of Chouliaris,* 16 I. & N. Dec. 168 (BIA 1977).

We assume familiarity with the facts, the procedural history, and the issues on appeal.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotation omitted); *see also Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly).

In this case, the IJ's findings with respect to Chen's asylum and withholding of removal claims are supported by substantial evidence. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (per curiam); *see also Zhang v. INS,* 386 F.3d 66,

---

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

71 (2d Cir.2004) ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding.").

We have considered all of Chen's claims and find them to be without merit. The petition for review is therefore DENIED, and the outstanding motion for stay of removal is DENIED.