**Zheng QIANG ZHENG, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,\* Respondent.**

No. 02–4705.

United States Court of Appeals,
Second Circuit.

April 21, 2005.

Joan Xie, New York, NY, for Petitioner.

Ransom P. Reynolds, Assistant United States Attorney, Northern District of New York, Syracuse, N.Y. (Glenn T. Suddaby, United States Attorney, and Elizabeth S. Riker, Assistant United States Attorney, on the brief), for Respondent.

Present: KEARSE, JACOBS, and STRAUB, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be **DENIED.**

Petitioner Zheng Qiang Zheng, a citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("BIA") entered on October 9, 2002, affirming without opinion a June 12, 2001 oral decision of the Immigration Judge ("IJ"), denying Zheng's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and granting his motion for voluntary departure, *see Matter of Chouliaris,* 16 I. & N. Dec. 168 (BIA 1977). We assume familiarity with the facts, the procedural history, and the issues on appeal.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (quotation marks omitted); *see also Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) ("When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford particular deference in applying the substantial evidence standard[.]" (quotation marks omitted)); *cf. Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (when the BIA summarily affirms, this Court reviews the IJ's decision directly).

In this case, the IJ's findings with respect to Zheng's asylum and withholding of removal claims are supported by substantial evidence. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275–76 (2d Cir.2003) (*per curiam* ); *see also Zhang,* 386 F.3d at

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

71 ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding.").

We have considered all of Zheng's claims and find each of them to be without merit.

The petition for review is therefore **DENIED.**