**Alexei G. KORENEVSKI, Petitioner,**

v.

**Alberto R. GONZALES, United States**

Attorney General,* Respondent.

No. 03–4143.

United States Court of Appeals,
Second Circuit.

April 21, 2005.

Jonathan E. Avirom, Avirom & Associates, LLP, New York, N.Y. (Eva S. Rubinson, on the brief), for Petitioner.

Elliot B. Jacobson, Assistant United States Attorney, Southern District of New York, New York, N.Y. (David N. Kelley, United States Attorney, and Sarah S. Normand, Assistant United States Attorney, on the brief), for Respondent.

Present: KEARSE, JACOBS, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review be **DENIED**.

Petitioner Alexei G. Korenevski, a citizen of Russia, petitions for review of an order of the Board of Immigration Appeals ("BIA") entered on December 30, 2002, affirming without opinion a September 15, 1999, decision of the Immigration Judge ("IJ"), denying Korenevski's application for asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3), and denying his motion for voluntary departure, *see Matter of Chouliaris,* 16 I. & N. Dec. 168 (BIA 1977). We assume fa-

miliarity with the facts, the procedural history, and the issues on appeal.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (quotation marks omitted); *see also Zhang v. INS,* 386 F.3d 66, 73 (2d Cir.2004) ("When a factual challenge pertains to a credibility finding made by an IJ and adopted by the BIA, we afford particular deference in applying the substantial evidence standard." (quotation marks omitted)); *cf. Secaida-Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003) (when the BIA summarily affirms, this Court reviews the IJ's decision directly).

In this case, the IJ's findings with respect to Korenevski's asylum and withholding of removal claims are supported by substantial evidence. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275–76 (2d Cir.2003) (*per curiam*); *see also Zhang,* 386 F.3d at 71 ("Because [asylum and withholding] relief are factually related but with a heavier burden for withholding, it follows that an applicant who fails to establish his eligibility for asylum necessarily fails to establish eligibility for withholding.").

Korenevski argues that vacatur is nevertheless appropriate because the IJ committed legal error. *See Qiu v. Ashcroft,* 329 F.3d 140, 149 (2d Cir.2003) ("[W]e will *vacate* BIA conclusions, as to the existence or likelihood of persecution, that a perfectly reasonable fact-finder *could* have settled upon, insofar as the BIA ... has not ap-

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

plied the law correctly."). We have considered Korenevksi's claims of legal error, and find them to be without merit.

Finally, we decline to remand this case based on Korenevski's random selection in the FY 2005 diversity immigrant program. *See Foster v. INS*, 376 F.3d 75, 77–78 (2d Cir.2004) (review precluded by "failure to exhaust the claim below").

We have considered all of Korenevski's claims and find each of them to be without merit.

The petition for review is therefore DENIED.