NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0689n.06
Filed: August 10, 2005

No. 04-3481

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| AVISHAY COHEN, | ) | |
| TIKVA COHEN, | ) | |
| | ) | |
| Petitioners, | ) | ON PETITION FOR REVIEW OF |
| | ) | DECISION OF THE BOARD OF |
| v. | ) | IMMIGRATION APPEALS |
| | ) | |
| ALBERTO R. GONZALES, | ) | |
| United States Attorney General, | ) | **MEMORANDUM OPINION** |
| | ) | |
| Respondent. | ) | |

**Before: BATCHELDER, GIBBONS and McKEAGUE, Circuit Judges.**

**PER CURIAM.** This case presents a petition for judicial review of a decision of the Board of Immigration Appeals denying petitioners' motion to reopen an earlier decision of the Board. The Board's earlier decision denied petitioners' application for cancellation of removal and required them to voluntarily depart the United States within 30 days. Petitioners contend the Board's denial of their motion to reopen is an abuse of discretion because it is based on a misapplication of statutory law and is devoid of rational explanation. For the reasons that follow, we find no abuse of discretion.

## I

Petitioners Avishay and Tikva Cohen, husband and wife, are citizens of Israel who came to the United States in September 1990 as non-immigrant visitors with authorization to stay for up to six months. They came to the United States with one son, settled in the Cleveland area, and have

had two additional sons while residing in the United States. In 2000, the Immigration and Naturalization Service commenced removal proceedings against both petitioners. Both conceded removability as charged, but moved for cancellation of removal and adjustment of status. On April 29, 2002, an immigration judge denied their motions for cancellation of removal and, in lieu of removal, authorized voluntary departure on or before August 27, 2002. This decision was affirmed by the Board of Immigration Appeals on September 16, 2003. The Board authorized petitioners to voluntarily depart within 30 days of the date of its order. Petitioners appealed the Board's decision to the Sixth Circuit Court of Appeals, but the appeal was dismissed on January 14, 2005. *See Cohen v. Gonzales*, 6th Cir. No. 03-4339. During the pendency of that appeal, on December 15, 2003, petitioners moved the Board to reopen its decision to allow them to apply for adjustment of status. On March 30, 2004, the Board denied the motion in a one-page order, concluding that petitioners had, pursuant to § 240B(d) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229c(d), disqualified themselves from further relief by their failure to voluntarily depart within 30 days of the September 16, 2003 order. The denial of the motion to reopen is the subject of this petition for review.

## II

Petitioners contend the Board abused its discretion. They argue that the penalty prescribed by 8 U.S.C. § 1229c(d) for failure to voluntarily depart within the specified time period – rendering them ineligible for any further relief under various sections of the INA, including adjustment of status, for a period of 10 years – is not applicable, because the Board lacked authority to authorize voluntary departure in the first place. This argument is based on petitioners' characterization of the Board's order as an "extension" or "reinstatement" of the voluntary departure initially authorized

2

by the immigration judge on April 29, 2002. Petitioners contend the initial order of voluntary departure had ceased to exist and had been converted into an order of removal by operation of law when they failed to post the required bond within five days after the order of voluntary departure issued. Under 8 C.F.R. § 1240.26(c)(3), bond is a mandatory condition of any voluntary departure order and if bond is not posted within five business days of the order, "the voluntary departure order shall vacate automatically and the alternate order of removal will take effect on the following day." Petitioners contend that since they undisputedly did not post the required bond, the voluntary departure order was automatically vacated in early May 2002 and could not be subsequently "extended" or "reinstated" by the Board. They insist the Board had no authority to allow voluntary departure in September 2003, because by then, they were subject, by operation of law, to an order of removal.

Petitioners also argue that the immigration judge's order of voluntary departure was invalid for other reasons. Indeed, in its decision denying the motion to reopen, the Board acknowledged the existence of certain defects in the immigration judge's order, including (a) its grant of a 120-day period for voluntary departure, twice the allowed maximum; (b) its failure to order posting of the required bond; and (c) its failure to provide notice of penalties for failing to voluntarily depart. These defects are identified by petitioners as buttressing their contention that there was no valid order of voluntary departure to be extended or reinstated by the Board in September 2003.

The Board recognized the merits of petitioners' argument in this regard, but correctly determined that the defects in the immigration judge's order had become immaterial because they were cured by the Board's September 16, 2003 order, which authorized a new 30-day period for voluntary departure and provided required notice to petitioners. It is petitioners' failure to

3

voluntarily depart within *this* 30-day period which is now deemed to have rendered them ineligible for such relief as reopening of the case, *not* their failure to comply with the immigration judge's order. Hence, the dispositive question on appeal is whether the Board had authority to authorize voluntary departure in its September 16, 2003 order.

Petitioners maintain that the Board did not have such authority. They cite 8 C.F.R. § 1240.26(h), which permits the Board, in certain circumstances, to "*reinstate* voluntary departure in a removal proceeding that has been reopened for a purpose other than solely making application for voluntary departure." (Emphasis added.) Petitioners correctly argue that their removal proceeding has not been reopened, and that § 1240.26(h) does not, therefore, confer authority on the Board to reinstate voluntary departure in this case. Yet, the Board did not "reinstate" voluntary departure at all and did not invoke § 1240.26(h) as authority for its authorization of voluntary departure. The fact that § 1240.26(h), which is not applicable anyway, does not authorize reinstatement of voluntary departure under the instant circumstances hardly compels the conclusion, by negative implication, that the Board does not otherwise have the authority to grant voluntary departure.

Petitioners concede that in *Matter of Chouliaris*, 16 I. & N. Dec. 168 (BIA 1977), the Board observed that a timely appeal of an immigration judge's decision not only stays the execution of the decision, but also tolls the running of the voluntary departure authorization. They argue, however, that *Chouliaris* has no application here because the immigration judge's voluntary departure authorization had been automatically vacated prior to the filing of their appeal. What had ceased to exist could not be tolled, they argue.

Yet, again, the Board did not hold, in its September 16, 2003 order, that the running of the period of voluntary departure had been "tolled." The September 16, 2003 order provides in relevant

4

part:

> Pursuant to the Immigration Judge's order and conditioned upon compliance with conditions set forth by the Immigration Judge and the statute, the alien is permitted to voluntarily depart from the United States, without expense to the Government, within 30 days from the date of this order or any extension beyond that time as may be granted by the district director. *See* section 240B(b) of the Immigration and Nationality Act; 8 C.F.R. §§ 1240.26(c), (f).

Thus, consistent with the intention of the immigration judge, whose decision the Board affirmed, the Board simply authorized a new 30-day period for voluntary departure. As authority, it cited first § 240B(b) of the INA, 8 U.S.C. § 1229c(b). This section speaks to the authority of the Attorney General and the immigration judge to permit voluntary departure. It does not specifically address the Board's authority. Secondly, the Board cited regulations found at 8 C.F.R. §§ 1240.26(c), (f), which define, respectively, the authority of an immigration judge to grant voluntary departure, and the limited authority of certain officers (*i.e.*, "the district director, the Deputy Executive Associate Commissioner for Detention and Removal, or the Director of the Office of Juvenile Affairs") to extend the time for voluntary departure "specified initially by an immigration judge *or the Board*." (Emphasis added.) That is, § 1240.26(f), while not specifically conferring upon the Board authority to permit voluntary departure, impliedly recognizes the existence of such authority. The Board thus cited § 1240.26(f) as an ostensibly sufficient basis for granting petitioners leniency, *i.e.*, the privilege of voluntary departure.

The Board's March 30, 2004 order denying the motion to reopen does not speak directly to the question of the Board's authority to permit voluntary departure. It observes simply that the Board's September 16, 2003 order was effective to remedy the technical errors in the immigration judge's order. The September 16, 2003 order does not refer to "tolling," "extending" or "reinstating" the period for voluntary departure, but simply "permitted" voluntary departure "within

5

30 days from the date of this order or any extension beyond that time as may be granted by the district director."

In defense of the Board's decision, the government addresses the issue simply by citing *Chouliaris* and *Mullai v. Ashcroft*, 385 F.3d 635, 640 (6th Cir. 2004). In *Mullai*, the Sixth Circuit observed that "[i]f the alien appeals a decision of the immigration judge to the Board of Immigration Appeals and the Board affirms, it too may grant a period of voluntary departure." *Id*. This description of the Board's authority is not tied to any concept of tolling, extending or reinstating. Rather, the Board is understood to have the power to authorize voluntary departure in its own right on completion of administrative review.

This statement in *Mullai* is entirely consistent with the language of 8 C.F.R. § 1240.26(f), cited by the Board in its September 16, 2003 order, recognizing that the time within which an alien may be authorized to voluntarily depart may be "specified initially by an immigration judge or the Board." It is also consistent with the Ninth Circuit's observation in *Zazueta-Carrillo v. Ashcroft*, 322 F.3d 1166, 1172 (9th Cir. 2003), that the cited language of § 1240.26(f) authorizes the immigration judge or the Board to permit voluntary departure.

Nevertheless, petitioners maintain the Board cannot authorize voluntary departure in its own right – unless aided by some derivative concept like tolling, extension, or reinstatement of a period of voluntary departure earlier authorized by an immigration judge. Yet, they have not identified any authority for this proposition.

Petitioners argue the Board's denial of their motion to reopen is an abuse of discretion for two reasons. First, citing the abuse of discretion standard set forth in *Denko v. I.N.S.*, 351 F.3d 717, 723 (6th Cir. 2003), they contend the Board "inexplicably departed from established policies." Their

6

argument appears to be that the Board misapplied the INA provisions and accompanying regulations relating to penalties associated with failure to voluntarily depart within the specified time. Yet, even though a question of statutory interpretation is reviewed *de novo*, the Board's construction of the INA and accompanying regulations is entitled to substantial deference. *Sad v. I.N.S.*, 246 F.3d 811, 814 (6th Cir. 2001). If the Board's construction of the language of statute and regulations is "permissible" and not "arbitrary, capricious, or manifestly contrary to the statute," it must be upheld. *Id.* at 815.

Considering the instant exercise of the Board's authority to permit voluntary departure in light of this deferential standard, it is apparent that petitioners have failed to demonstrate that the Board's application of the law is erroneous. For the reasons stated above, the Board's construction of its authority is permissible, is not arbitrary or capricious, and is not manifestly contrary to congressional intent. Further, the Board's construction is eminently more sensible than that urged by petitioners.

Second, petitioners contend the Board's decision is an abuse of discretion because it is devoid of "rational explanation." *Denko*, 351 F.3d at 723. Granted, the Board's March 30, 2004 one-page order denying the motion to reopen does not specifically identify the basis upon which it permitted voluntary departure in the September 16, 2003 order. Yet, the Board observed that the September 16, 2003 order, which does cite 8 C.F.R. § 1240.26(f), undisputedly gave petitioners notice of the consequences of failing to voluntarily depart as directed. This is sufficient explanation, in view of the above analysis, to afford full and fair judicial review. We are not "compelled to guess at the theory underlying the agency's action." *Id.* at 726 (quoting *S.E.C. v. Chenery Corp.*, 332 U.S. 194, 196-97 (1947)). There really is no mystery as to why the Board did what it did. Nor has the

Board's action been shown to be otherwise improper or unfair in any way.

The Board's decision is not, therefore, an abuse of discretion.

**III**

Accordingly, the Board's decision denying petitioners' motion to reopen is hereby **AFFIRMED** and the petition for review is **DENIED**.