United States Court of Appeals
Fifth Circuit

**F I L E D**

May 26, 2006

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals

for the Fifth Circuit

_____

№ 04-60971

_____

JAMAL MOORANI,

Petitioner,

VERSUS

ALBERTO R. GONZALES,
UNITED STATES ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of an Order
of the Board of Immigration Appeals
№ A73 111 729

_____

Before KING, SMITH, and BENAVIDES,
    Circuit Judges.

PER CURIAM:[*]

    Jamal Moorani petitions for review of the decision of the Board of Immigration Appeals

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

("BIA") finding him statutorily ineligible for adjustment of status. We affirm based on *Banda-Ortiz v. Gonzales*, 445 F.3d 387 (5th Cir. 2006).

    Moorani is a native and citizen of Pakistan who entered the country illegally on or around November 1, 1990. The Attorney General initiated removal proceedings on October 31, 1997. Moorani conceded removability but requested asylum and withholding of removal and in the alternative, voluntary departure. After a hearing on the merits, the immigration

judge ("IJ") denied asylum but on August 20, 2000, granted voluntary departure, requiring Moorani to leave the country within sixty days[1] or forfeit certain forms of discretionary relief from removal, including adjustment of status.[2]

Moorani appealed, which automatically tolled the running of the voluntary departure period.[3] While his appeal was pending, Miraj Wholesale ("Miraj") in Houston offered Moorani full-time employment. Miraj filed an Immigrant Petition for Alien Worker, which was approved on February 4, 2002.

The BIA dismissed the appeal on April 8, 2002, and granted Moorani thirty additional days' departure time.[4] On May 8, the final day

---

[1] Permission to depart the United States voluntarily at the conclusion of removal proceedings "shall not be valid for a period exceeding 60 days." 8 U.S.C. § 1229c(b)(2).

[2] The voluntary departure statute provides civil penalties, including "ineligib[ility] for a period of 10 years for any further relief" from removal under, *inter alia*, 8 U.S.C. § 1229b, which governs adjustment of status, for aliens who fail to leave the United States within the time specified. 8 U.S.C. § 1229c(d).

[3] *See Matter of Villegas Aguirre*, 13 I.&N. Dec. 139, 140 (BIA 1969) (holding that a timely appeal "tolls the running of the voluntary departure authorization."); *Matter of Chouliaris*, 16 I.&N. Dec. 168, 170 (BIA 1977) (affirming *Aguirre* to the extent that a "grant of voluntary departure made by an immigration judge shall not be jeopardized by taking an appeal").

[4] *See Chouliaris*, 16 I.&N. Dec. at 170 (modifying *Aguirre* to hold that where the IJ initially granted more than 30 days' departure time and that (continued...)

---

of the departure period, Moorani filed a motion with the BIA to reopen removal proceedings and remand to the IJ to apply for adjustment of status, based on the approved petition.[5] The Attorney General argued that the motion should be denied because Moorani had overstayed the reinstated departure period and was therefore ineligible for adjustment. On October 8, the BIA granted the motion. Although noting the Attorney General's argument, the BIA stated that "the . . . district director, under some circumstances, may grant a *nunc pro tunc* extension of voluntary departure, which has the effect of not only extending an alien's voluntary departure time but also restoring voluntary departure to the date on which it expired."

On remand, the IJ permitted Moorani to file for an extension, but on August 19 the district director denied the request.[6] The IJ then

---

[4](...continued)
period has expired, "the respondent will be given 30 days from the date of our decision in which to depart voluntarily").

[5] An alien ordinarily "may file one motion to reopen [removal] proceedings[.]" 8 U.S.C. § 1229a(c)(7)(A). "The motion to reopen shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by affidavits or other evidentiary material." *Id.* § 1229a(c)(7)(B). "[T]he motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal." *Id.* § 1229a(c)(7)(C)(i).

[6] Because the district director ultimately denied Moorani's request, we need not decide whether he would in fact have the authority to issue the extension contemplated by the BIA. *Compare* 8 C.F.R. § 1240.26(f) ("Authority to extend the time within which to depart voluntarily specified (continued...)

issued a brief oral opinion stating that the IJ lacked jurisdiction over Moorani's application for adjustment of status because Moorani had failed to comply with the voluntary departure order. The BIA affirmed without written opinion; therefore, the IJ's opinion becomes the basis for this court's review. *Soadjede v. Ashcroft*, 324 F.3d 830, 831-32 (5th Cir. 2003).

Moorani argues that the IJ erred because (1) his motion to reopen on May 8 effectively tolled the voluntary departure period pending decision by the BIA, and (2) the BIA's grant of his motion and remand to the IJ vacated the underlying voluntary departure order, erasing the requirement that Moorani leave the country by a certain date or be subject to civil penalties.[7] The Attorney General argues that both

tolling and vacatur would undermine the statutory scheme, which sets strict conditions (including a sixty-day limit) on aliens who have been granted the privilege of voluntary departure.

In *Banda-Ortiz*, 445 F.3d at 391, we declined to read into the voluntary departure statute "the requirement that the BIA automatically toll an alien's voluntary departure period during the pendency of a motion to reopen." *Banda-Ortiz* disposes of Moorani's first argument. Because tolling was unavailable, Moorani became ineligible for any further relief from removal after his voluntary departure period expired on May 8. *A fortiori,* we need not consider whether the BIA's decision to grant his motion vacated the underlying departure order and allowed Moorani to pursue his motion on the merits before the IJ. Under *Banda-Ortiz,* the grant of the motion itself was untimely, and the agency lacked any further jurisdiction over Moorani's case.

The petition for review is DENIED.

---

[6] (...continued) initially by an [IJ] or the [BIA] is only within the jurisdiction of the district director, the Deputy Executive Associate Commissioner for Detention and Removal, or the Director of the Office of Juvenile Affairs.") *and Banda-Ortiz*, 445 F.3d at 388 n.2 ("Although [petitioner] filed his motion . . . two days after his voluntary departure period expired, the INS granted a two-day *nunc pro tunc* extension, thereby rendering the motion timely.") *with* 8 C.F.R. § 1240.26(f) ("In no event can the total period of time, including any extension, exceed . . . 60 days.").

[7] The IJ's opinion does not specify whether Moorani is ineligible for relief because one or both of these arguments are in error. It states, however, that "the respondent is not eligible for any form of relief for ten years from the May 2, 2002 [sic] deadline of the BIA's April 8, 2002 ruling." Therefore, we may assume, as the basis for our review, that the IJ considered the BIA to be without power to grant Moorani's motion on October 8 once his request for *nunc pro tunc* extension was

---

[7] (...continued) denied.

3